Commonwealth *v.* Evans, Appellant.

Submitted January 6, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*John H. Lewis, Jr.,* for appellant.

*Paul R. Michel* and *James D. Crawford,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, April 23, 1969:

Appellant is before this Court on a grant of allocatur following the Superior Court's per curiam affirmance of the dismissal after hearing of appellant's petition under the Post Conviction Hearing Act. There is only one issue presented for adjudication by this appeal: whether it is ever proper for the trial judge

to *participate* in the plea bargaining which so often precedes the entry of a guilty plea. In this case, it is undisputed that such participation did in fact take place. The Commonwealth's only witness at the hearing below, Mr. Hardin, appellant's first counsel, testified that he entered into an agreement with the district attorney and the *court* as to the probable sentences which would be imposed on the various indictments. He stated "We had two side-bar conferences, The district attorney, Judge WRIGHT and myself went back in chambers. We discussed the possibility . . . that if he pleaded guilty to all five of the bills, Judge WRIGHT . . . would sentence him on one, because it was one act." It is the view of this Court that such a procedure is not consistent with due process and that a plea entered on the basis of a sentencing agreement in which the judge participates cannot be considered voluntary.

This is not the first time that this Court has expressed such an opinion. In *Commonwealth ex rel. Kerekes v. Maroney,* 423 Pa. 337, 223 A. 2d 699 (1966), this Court held that plea bargaining in general was a legitimate practice, which, if properly circumscribed, offered a valuable alternative to trial for both the Commonwealth and the defense in certain cases. However our warning was quite clearly expressed at the time: "While we are not willing to completely proscribe plea bargaining, we do recognize that the awesome effect of a guilty plea and the sensitive nature of the bargaining process makes certain safeguards essential. 'Our concept of due process must draw a distinct line between, on the one hand, advice from and "bargaining" between defense and prosecuting attorneys and, on the other hand, discussions by judges who are ultimately to determine the length of sentence to be imposed.' . . . ."

This position is in conformity with that of the most respected commentary in the area. For example, In-

formal Opinion No. 779, ABA Professional Ethics Committee announces that "A judge should not be a party to advance arrangements for the determination of sentence, whether as a result of a guilty plea or a finding of guilty based on proof." 51 A.B.A.J. 444 (1965). Furthermore, the American Bar Association Project on Minimum Standards for Criminal Justice sets out the explicit provision under "Responsibilities of the trial judge" that "The trial judge should not participate in plea discussions." ABA Minimum Standards, Pleas of Guilty, §3.3 (Tent. Draft, February, 1967). First, the defendant can receive the impression from the trial judge's participation in the plea discussions that he would not receive a fair trial if he went to trial before the same judge. Second, if the judge takes part in the preplea discussions, he may not be able to judge objectively the voluntariness of the plea when it is entered. Finally, the defendant may feel that the risk of not going along with the disposition which is apparently desired by the judge is so great that he ought to plead guilty despite an alternative desire. What was pointed out in a recent case bears repeating here: "The unequal positions of the judge and the accused, one with the power to commit to prison and the other deeply concerned to avoid prison, at once raise a question of fundamental fairness. When a judge becomes a participant in plea bargaining he brings to bear the full force and majesty of his office. His awesome power to impose a substantially longer or even maximum sentence in excess of that proposed is present whether referred to or not. A defendant needs no reminder that if he rejects the proposal, stands upon his right to trial and is convicted, he faces a significantly longer sentence." *United States ex rel. Elksnis v. Gilligan*, 256 F. Supp. 244, 254 (S.D. N.Y. 1966). For these reasons, we feel compelled to forbid any partici-

pation by the trial judge in the plea bargaining *prior* to the offering of a guilty plea.* Nor do we attempt

---

* Our holding here, as well as in *Kerekes,* supra (decided before the adoption of the ABA standards) is fully in accord with the ABA Minimum Standards which preclude the judge's participation in the plea bargaining process *before* a plea bargain or agreement has been reached between the prosecution and the defense. These Standards clearly indicate that the judge may be informed of the final bargain *once it has been reached and before the guilty plea is formally offered.* "If a tentative plea agreement has been reached which contemplates the entrance of a plea of guilty or nolo contendere in the expectation that other charges before the court will be dismissed or that sentence concessions will be granted, upon request of the parties the trial judge may permit the disclosure to him of the tentative agreement and the *reasons therefor in advance* of the time for tender of the plea. He may then indicate to the prosecuting attorney and defense counsel whether he will concur in the proposed disposition . . . ." ABA Minimum Standards, Pleas of Guilty, §3.3(b).

This limited action by the trial judge is allowed on the theory that a greater degree of certainty that the bargain will be accepted is necessary for the operation of the system. However, it must be emphasized, as the ABA commentary indicates, "This procedure . . . does *not* contemplate participation by the judge in the plea discussions. The judge *only* becomes involved *after* the parties have reached agreement, and thus there would appear to be little basis upon which the defendant or counsel could conclude that the judge is attempting to force a certain result upon the parties." ABA Standards, supra, at 75 (Emphasis added)

The ABA Standards also permit a withdrawal of the plea if the trial judge decides his original agreement was inappropriate. "If the trial judge concurs [in the plea bargain'], but later decides that the final disposition should not include the charge or sentence concessions contemplated by the plea agreement, he shall so advise the defendant and then call upon the defendant to either affirm or withdraw his plea of guilty or nolo contendere." ABA Minimum Standards, Pleas of Guilty, §3.3(b) (Approved Draft 1968) Implicit in our holding today is an acceptance of this provision as well. Moreover, if a judge refuses to accept a plea bargain agreed to by the defense and the Commonwealth, or if a plea of guilty or nolo contendere is withdrawn because the trial judge decides that his original agreement was inappropriate, then

as urged by the Commonwealth to draw a line between those cases where the judge participates and keeps his bargain and those where he does not act as he has promised. The evil with which we are confronted is equally present in both situations: The unquestioned pressure placed on the defendant because of the judge's unique role inevitably taints the plea regardless of whether the judge fulfills his part of the bargain.

Accordingly, the order of the Superior Court is reversed, the order and judgment of the Court of Common Pleas of Philadelphia County are vacated and the case is remanded for a new trial.

Mr. Justice COHEN concurs in the result.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

Defendant, while represented by counsel, pled guilty to robbery and to several related crimes. Approximately a year later, he filed a petition under the Post Conviction Hearing Act, contending that his guilty plea, and therefore his sentence, was unconstitutional because the trial Judge participated in the plea bargaining and the probable sentence.

It has been a frequent practice in Pennsylvania for countless years for a defendant's attorney and the District Attorney *and the trial Judge* to have a conference and in many cases agree on a plea *and a sentence*. Provided this conference is requested by the defendant's attorney and the district attorney is present throughout all these conferences and the agreement was fairly arrived at—and not by chicanery, partiality, politics or compulsion or concealment of material facts as to each

---

the trial should be held where practical before another judge who has no knowledge of the prior plea bargaining. This is in accord with our statement in *Kerekes* that judges who participate in bargaining shall not "ultimately determine the length of sentence to be imposed." (at 349)

and all of which the burden of proof would be upon the defendant—it would result in greatly shortening the time of trial and eliminating the practical possibility that a guilty man may be acquitted. Furthermore, it would punish the guilty, give some additional protection to law-abiding citizens, expedite litigation, and avoid or reduce backlogs*—and for each and all these reasons, benefit Society. Moreover, in practical effect, it would in very many cases also benefit the accused by enabling him to obtain a lighter sentence than if he were tried and convicted.

For these reasons, I very, very strongly dissent to this newly created prohibition of a long-standing practice which has so often produced so many benefits.

---

* In Philadelphia, in 1968, out of a total of 267 homicide cases which were disposed of, approximately 49 percent were disposed of by and after pleas of guilty. Over one-half of these guilty pleas were made after a conference between the defense attorney, the district attorney and the trial Judge.

As of April 1, 1969, there is a backlog of 284 untried homicide cases in Philadelphia. If approximately 50 percent of these cannot be disposed of by way of a conference between the defense counsel, the district attorney and the trial Judge, the backlog in Philadelphia in this class of case will be tremendous.

I note parenthetically that the law is well settled that a trial Judge is not bound by any agreement between the defense counsel and the district attorney that if a guilty plea is entered, the district attorney will agree to or will recommend a specific sentence, nor would he be bound even if he had participated in the conference.