222 Pa. Superior Ct. 385 (1972)
Commonwealth
v.
Rothman, Appellant.
Superior Court of Pennsylvania.
Submitted June 16, 1972.
September 15, 1972.
Before WRIGHT, P.J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.
*386 Steven G. Farber and Francis S. Wright, Assistant Defenders, and Vincent J. Ziccardi, Defender, for appellant.
Milton M. Stein, Assistant District Attorney, James D. Crawford, Deputy District Attorney, Richard A. Sprague, First Assistant District Attorney, and Arlen Specter, District Attorney, for Commonwealth, appellee.
OPINION BY PACKEL, J., September 15, 1972:
Counsel engaged in extended plea negotiations involving a series of twenty-four indictments. The appellant claims that his several guilty pleas were rendered involuntary by the judge's participation in the plea bargaining process. Commonwealth v. Evans, 434 Pa. 52, 252 A. 2d 689 (1969); ABA Minimum Standards, Pleas of Guilty, § 3.3 (Approved Draft, 1968). The record does reflect that the judge suggested a compromise between 1 to 5 years offered by the defense and 2½ to 5 years offered by the district attorney. The compromise was accepted and resulted in a sentence of 1½ to 5 years.
We believe that a practical suggestion for compromise for the purpose of ending a controversy where counsel are at loggerheads as to a relatively minor issue does not constitute prohibited participation in plea *387 discussions. This is particularly true where the record shows that the judge clearly indicated prior to acceptance of the pleas that if appellant desired to withdraw from the negotiations he could be tried before another judge. Under these circumstances we conclude that the dangers of judicial over-reaching contemplated by the prohibition against participation in plea discussions were not present in this case and that appellant's guilty pleas were knowingly and voluntarily entered.
The order of the court below is affirmed.
CONCURRING OPINION BY SPAULDING, J.:
I agree with the result reached by the majority under the circumstances of this case. I would, however, like to add my belief that the judge's suggestion of compromise between the parties' positions would, standing alone, constitute prohibited judicial participation in the plea negotiations. Here, however, the potential coercive effect of this participation was remedied by the judge's indicating that if appellant chose to withdraw from the plea arrangement he could be tried before a different judge.
I therefore concur in affirming the order of the court below.
HOFFMAN, J., joins in this opinion.