Opinion by
Packed, J.,
Counsel engaged in extended plea negotiations involving a series of twenty-four indictments. The appellant claims that his several guilty pleas were rendered involuntary by the judge’s participation in the plea bargaining process. Commonwealth v. Evans, 434 Pa. 52, 252 A. 2d 689 (1969); ABA Minimum Standards, Pleas of Guilty, §3.3 (Approved Draft, 1968). The record does reflect that the judge suggested a compromise between 1 to 5 years offered by the defense and 2% to 5 years offered by the district attorney. The compromise was accepted and resulted in a sentence of 1 y2 to 5 years.
We believe that a practical suggestion for compromise for the purpose of ending a controversy where counsel are at loggerheads as to a relatively minor issue does not constitute prohibited participation in plea *387 discussions. This is particularly true where the record shows that the judge clearly indicated prior to acceptance of the pleas that if appellant desired to withdraw from the negotiations he could be tried before another judge. Under these circumstances we conclude that the dangers of judicial over-reaching contemplated by the prohibition against participation in plea discussions were not present in this case and that appellant’s guilty pleas were knowingly and voluntarily entered.
The order of the court below is affirmed.