## Commonwealth *v.* Davy, Appellant.

Submitted March 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Hugh S. Rebert,* Assistant Public Defender, for appellant.

*Morrison B. Williams,* First Assistant District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., April 3, 1974:

Appellant contends that the court below erred in refusing to grant appellant leave to withdraw his guilty plea prior to the imposition of sentence.

On January 22, 1973, appellant entered a plea of guilty to a charge of prison breach which allegedly occurred on September 8, 1972. After a full colloquy, the trial judge accepted the plea and ordered a pre-sentence investigation. On the date scheduled for sentencing, appellant appeared in court, and *prior to sentencing,* moved to withdraw his guilty plea. The motion was heard and denied on the same day. On February 26, 1973, appellant was sentenced to a term of three to six years imprisonment.

At the hearing, appellant offered several reasons for wanting to withdraw his plea. Appellant feared an un-

duly severe sentence because the sentencing judge was the same one that presided at appellant's previous trial for armed robbery. Appellant also stated that his attorney and a detective from the district attorney's office considered the prison breach offense of secondary importance to the armed robbery charge; and that he feared, and was informed by his attorney, that his punishment would be more severe if he exercised his right to trial by jury. The trial judge refused to grant appellant leave to withdraw.

While there is no absolute right to withdraw a voluntary and intelligent guilty plea, properly received by a trial court, it is clear that a request to withdraw made prior to the imposition of sentence, should be freely and liberally allowed. *Commonwealth v. Forbes*, 450 Pa. 185, 299 A. 2d 268 (1973). Trial courts, although vested with discretion to disallow withdrawal prior to sentencing, should "show solicitude for a defendant who wishes to undo a waiver of all the Constitutional rights that surround the right to trial—perhaps the most devastating waiver possible under our Constitution." *Commonwealth v. Neely*, 449 Pa. 3, 6, 295 A. 2d 75, 76 (1972) (concurring opinion), quoting, *Dukes v. Warden*, 406 U.S. 250, 258 (1972) (concurring opinion). In exercising that discretion, a trial judge should allow withdrawal if the defendant offers a fair and just reason therefor, and the prosecution has not been substantially prejudiced by relying on the previously accepted pleas.[1] *Commonwealth v. Forbes*, supra.

---

[1] The American Bar Association's Standards Relating to Pleas of Guilty, §2.1(b) provide: ". . . Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea." ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty (Approved Draft, 1968).

526

Notwithstanding this policy, the trial court apparently believed that unless appellant showed the plea to have been involuntarily or unintelligently made, withdrawal should not be allowed. By applying this standard, it is clear that the court did not consider the fairness and justice of the request and erred in not granting it.

The Commonwealth has not asserted any prejudice that would result from allowing the withdrawal. In *Commonwealth v. Santos,* 450 Pa. 492, 301 A. 2d 829 (1973), the Court held that, absent a showing of prejudice, a defendant's asserted misunderstanding of the nature of the charges against him, despite the fact that he previously acknowledged an understanding of the charges and the consequences of the plea, was a sufficient reason for allowing withdrawal.

In the instant case, at the time appellant entered the pleas, he clearly had reason to believe that the offense was considered by the Commonwealth to be of secondary importance, and consequently believed that he would be treated more leniently by pleading guilty than by standing trial. Subsequently, appellant realized that his prior understandings and expectations were erroneous. Under these circumstances, the trial court should have permitted appellant to withdraw the plea.

Judgment of sentence reversed with directions that appellant be permitted to withdraw the guilty plea.

WATKINS, P. J., and JACOBS, J., dissent.