Commonwealth *v.* Sutherland, Appellant.

Argued March 10, 1975. Before WATKINS, P.J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*William H. Naugle,* with him *Naugle & Sullivan,* for appellant.

*Morrison B. Williams,* Assistant District Attorney, with him *Donald L. Reihart,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 24, 1975:

Appellant contends that the lower court erred in not allowing him to withdraw his guilty plea, because the trial judge did not concur in the sentence recommended by the Assistant District Attorney.

On December 19, 1972, appellant was indicted by the York County Grand Jury on charges of burglary, larceny, receiving stolen goods, and forgery. On April 10, 1973, appellant, his counsel, and the Assistant District Attorney reached an agreement, a summary of which was reduced to writing. Under the terms of the bargain, appellant agreed to plead guilty. In return, the Commonwealth agreed to continue bail, to request that sentencing be

deferred until August, 1973, and to recommend that appellant receive an indefinite term at Camp Hill. The existence and terms of the plea bargain were made known to the court.

The trial judge conducted a lengthy colloquy to ensure that appellant's guilty plea was made knowingly and voluntarily. The court also explained to appellant that he would accept the plea bargain, but that the court was not bound by the District Attorney's recommendation as to sentence. The court deferred sentencing until August 27, 1973. On August 24, 1973, appellant asked to withdraw his guilty plea. The court directed that a formal written petition be prepared and appellant did so on September 27, 1973. At that time, a hearing was set for November 7, 1973. After receiving evidence, the court concluded that the guilty plea was voluntarily and knowingly made, and that all of the terms of the plea bargain had been kept. On November 13, 1973, appellant was sentenced to concurrent terms of five to ten years' imprisonment, to be followed by concurrent terms of one and one-half to three years' imprisonment.[1]

Appellant retained private counsel to take an appeal to this Court. Although counsel accepted a fee, he failed to file briefs or request extensions of time. Consequently, this Court nolle prossed the appeal on June 7, 1974. On August 14, 1974, appellant filed a PCHA petition, alleging that the court erroneously denied his petition to withdraw guilty plea and that his appellate counsel was ineffective. After a hearing, the PCHA court held that appellant had been denied effective assistance of counsel on appeal, but otherwise denied relief. Thus, the lower court granted

---

1. Technically speaking, the appeal is taken from the lower court's denial of appellant's petition to withdraw his guilty plea. Whether or not the lower court erred in that regard need not be decided, because the court erred in imposing a sentence greater than the one recommended in the plea bargain without affording appellant an opportunity to withdraw his plea. See discussion, infra.

appellant the right to direct appeal of the trial court's refusal to allow appellant to withdraw his guilty plea.

Rule 319 of Pa. R.Crim.P. legitimizes the use of the plea bargain in criminal trials. Subsection (a) provides that before a judge can accept a plea bargain, he must conduct an on-the-record colloquy to ensure that the plea is voluntarily and understandingly tendered. Subsection (b) provides: "(1) The trial judge shall not participate in the plea negotiations preceding an agreement. (2) When counsel for both sides have arrived at a plea agreement they shall state on the record in open court, in the presence of the defendant, the terms of the agreement. Thereupon the judge shall conduct an inquiry of the defendant on the record to determine whether he understands and concurs in the agreement. (3) If the judge is satisfied that the plea is understandingly and voluntarily tendered, he may accept the plea. *If thereafter the judge decides not to concur in the plea agreement, he shall permit the defendant to withdraw his plea.*" (Emphasis supplied.) In this case, the trial judge conducted extensive colloquies to determine whether the plea was voluntarily and understandingly tendered and whether appellant understood and concurred in the agreement. The trial judge was satisfied that both requirements were met and these findings are not disputed by appellant. Appellant must be allowed to withdraw his guilty plea, however, because it is error for a trial court to reject the sentence recommendation contained in a bargained plea agreement without affording the defendant an opportunity to withdraw his guilty plea.

*Commonwealth v. Evans,* 434 Pa. 52, 252 A. 2d 689 (1969), decided prior to the effective date of Rule 319, held that it was improper for a trial judge to participate in plea negotiations. In so doing, however, the Court approved §3.3 (b) of the ABA Minimum Standards, Pleas of Guilty (Approved Draft, 1968): " 'If the trial judge concurs [in the plea bargain], but later decides that the

final disposition should not include the charge or *sentence concessions* contemplated by the plea agreement, he shall so advise the defendant and then call upon the defendant to either affirm or withdraw his pleas of guilty or nolo contendere.' " 434 Pa. at 56, n.*, 252 A. 2d at 691, n.*. (Emphasis supplied.) In a case virtually identical to the instant case, we held that if the trial judge is adequately informed of the existence and terms of a plea bargain, it is error to impose a stricter sentence than the one recommended without permitting the defendant an opportunity to withdraw his plea. *Commonwealth v. Barrett,* 223 Pa. Superior Ct. 163, 167, 299 A. 2d 30 (1972). The ABA Standards and *Barrett* are premised on the idea that it would be unfair to accept a guilty plea which was induced in part by a recommendation of a lenient sentence and then impose a greater sentence. See *Santobello v. New York,* 404 U.S. 257, 262 (1972); *United States ex rel. Culbreath v. Rundle,* 466 F. 2d 730, 734 (3d Cir. 1972).

The cases cited by the Commonwealth and the lower court in support of the proposition that a trial judge can ignore the sentence recommendation of a plea bargain without allowing the defendant an opportunity to withdraw his plea are all inapposite to the instant case. Four of the cases cited involved guilty pleas which were not entered pursuant to plea bargains; those cases, therefore, are governed by different considerations. *Commonwealth v. Woods,* 452 Pa. 546, 307 A. 2d 880 (1973); *Commonwealth v. Forbes,* 450 Pa. 185, 299 A. 2d 268 (1973); *Commonwealth v. Kamenca,* 226 Pa. Superior Ct. 548, 323 A. 2d 162 (1974); *Commonwealth v. Davy,* 226 Pa. Superior Ct. 523, 323 A. 2d 150 (1974). The only case seemingly on point is *Commonwealth v. Dickerson,* 449 Pa. 70, 295 A. 2d 282 (1972), where the Court held that a judge can "concur" in a plea bargain even if he imposes a greater sentence than the one recommended. *Dickerson,* however, was decided before the effec-

tive date of Rule 319, and decisions in which the plea was entered after the effective date of Rule 319 have held that the Rule compels a different result.

In *Commonwealth v. Edwards*, 226 Pa. Superior Ct. 520, 313 A. 2d 275 (1973), there was no evidence of the existence of a plea bargain, but the Court noted that "[i]n light of Pa. R.Crim.P. 319, . . . a guilty plea 'tendered' pursuant to a plea bargain or agreement may always be withdrawn if the sentencing judge cannot follow its terms." 226 Pa. Superior Ct. at 523, n.1, 313 A. 2d at 276, n.1. The Comment to Rule 319 states that the " 'terms' of the plea agreement . . . frequently involve the attorney for the Commonwealth . . . promising such concessions as a reduction of a charge to a less serious offense, or the dropping of one or more additional charges *or a recommendation of a lenient sentence* . . . Paragraph (b)(3) requires the judge to permit the defendant to withdraw a plea the judge has accepted when the judge is unable to comply with a plea agreement on which the plea was based." (Emphasis supplied). Thus, a sentence recommendation is among the "terms" of a plea bargain, and the Rule provides that if the judge cannot concur in the bargain, he must afford the defendant an opportunity to withdraw. *See also Commonwealth v. Barrett*, supra.

Judgment of sentence is vacated, and the case is remanded with instructions to allow appellant to withdraw the plea of guilty previously entered.