375 A.2d 175

**COMMONWEALTH of Pennsylvania**

**v.**

**Jeffrey FAZENBAKER, Appellant.**

Superior Court of Pennsylvania.

Argued April 14, 1976.

Decided June 29, 1977.

434

William G. Cohen, New Castle, for appellant.

No appearance entered nor brief submitted for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

SPAETH, Judge:

On August 14, 1975, appellant, then eighteen years old, appeared in court and pleaded guilty to a charge of receiving stolen property.[1] The charge arose out of the theft of some tools from the automobile shop of the local high school. Appellant had been charged with burglary,[2] but pursuant to a negotiated plea agreement between appellant, his counsel, and a representative of the District Attorney's office, appellant agreed to plead guilty to the lesser charge of receiving stolen property, the Commonwealth agreeing in return to apply to the court for a *nolle prosequi* on the burglary charge and to recommend to the court that it impose a term of probation on the receiving charge. The court accepted appellant's guilty plea and continued the case for a sentencing hearing. On December 17, 1975, the court sentenced appellant to a six to eighteen month term of imprisonment. Appellant immediately petitioned the court for permission to withdraw his guilty plea. The court denied the petition, and this appeal followed.

The procedure that must be followed by a court in accepting or rejecting a guilty plea is specified in Pa.R. Crim.P. 319:

(a) Generally. A defendant may plead not guilty, guilty, or, with the consent of the court, nolo contendere. The judge may refuse to accept a plea of guilty, and shall

1. Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 3925.

2. *Id.* § 3502(a).

not accept it unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record.

(b) Plea agreements.

(1) The trial judge shall not participate in the plea negotiations preceding an agreement.

(2) When counsel for both sides have arrived at a plea agreement they shall state on the record in open court, in the presence of the defendant, the terms of the agreement. Thereupon the judge shall conduct an inquiry of the defendant on the record to determine whether he understands and concurs in the agreement.

(3) If the judge is satisfied that the plea is understandingly and voluntarily tendered, he may accept the plea. If thereafter the judge decides not to concur in the plea agreement, he shall permit the defendant to withdraw his plea.

Failure to comply with § (b)(3), by permitting withdrawal of the plea if the court does not concur in the agreement, is reversible error. *Commonwealth v. Sutherland*, 234 Pa.Super. 520, 340 A.2d 582 (1975); *Commonwealth v. Wilson*, 234 Pa.Super. 7, 335 A.2d 777 (1975). The rule is but a codification of prior case law, which held that to deny a petition to withdraw the plea under such circumstances would be to work a "manifest injustice." *Commonwealth v. Barrett*, 223 Pa.Super. 163, 299 A.2d 30 (1972).

■ It is a necessary corollary to Rule 319(b)(3) that if the court decides not to accept the recommended disposition of the plea agreement it must make its decision known to the defendant and his counsel before sentencing so that the defendant has an opportunity to petition to withdraw the plea. In *Commonwealth v. Evans*, 434 Pa. 52, 56 n.*, 252 A.2d 689, 691, n.* (1969), our Supreme Court quoted with favor from the ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty, § 3.3(b) (Approved Draft, 1968):

"If the trial judge concurs [in the plea bargain], but later decides that the final disposition should not include

the charge or sentence concession contemplated by the plea agreement, he shall so advise the defendant and then call upon the defendant to either affirm or withdraw his pleas of guilty or nolo contendere." [3]

■ In this case the foregoing procedure was not followed. It is evident that by the time the case came on for sentencing the lower court had decided that the final disposition should not include the sentence concession (probation on the receiving charge) contemplated by the plea agreement. However, at the sentencing hearing the court did not "so advise [appellant] and then call upon [him] to either affirm or withdraw his plea[ ]." Instead, the court said: "I'm going to follow the plea bargain to the extent Mr. Williams [the District Attorney] has made the recommendation, and I acknowledge the recommendation made by the District Attorney." Notes of Testimony at 10. In its next breath, the court declined to "follow the plea bargain," and sentenced appellant to a prison term.

In its opinion the lower court distinguishes *Commonwealth v. Sutherland, supra,* by saying that here, "[u]nlike the *Sutherland* case, the court expressly disapproved the entire plea bargain . . .." Opinion of the lower court

3. We are all the more comfortable in our conclusion that this is the proper procedure to be followed after reading the opinion that former Chief Justice JONES wrote for the Court in *Commonwealth v. McNeill,* 453 Pa. 102, 305 A.2d 51 (1973). In that case the sentencing court had followed the Commonwealth's recommendation, which resulted from a negotiated plea agreement. The Supreme Court, in making the point that McNeill had been fully informed of the consequences of his plea, stated:

Appellant was also aware that the court was not obligated to accept the Commonwealth's recommendation. Had the court not accepted the recommendation appellant would have been given an opportunity to withdraw his plea pursuant to [Pa.R.Crim.P.] 319(b)(3). Therefore, considering the existence of the on-the-record plea agreement, together with appellant's right to withdraw the plea if the court decided not to concur in the plea agreement, we conclude that appellant was more than adequately protected from unknowingly pleading guilty.

*Id.,* 453 Pa. at 106–107, 305 A.2d at 54.

While one might characterize this statement as *dictum,* it is very persuasive.

at 14–15. The record, however, does not bear this out. Certain statements by the court might be read, with the benefit of hindsight as to the court's intentions, to mean that when accepting the plea, the court had already decided to disapprove the sentence recommendation. Thus the court said:

> THE COURT: And do you understand that on a plea of guilty that the Court could sentence you immediately to a prison term of not less than two and a half nor more than five years and to pay a fine of ten thousand dollars. Do you understand that?

Notes of Testimony at 3.

Also:

> So, do you understand that you may not get anything as a result of that plea bargain. The Court does not approve it and the Court is not approving it at this time, so if you enter a plea of guilty now, you are not guaranteed that the plea bargain is going to be carried through by the Court. You are only guaranteed that it will be carried through by the District Attorney. Do you understand that?

Notes of Testimony at 14.

These statements, however, cannot be read as "expressly disapprov[ing] the entire plea bargain." They were at best ambiguous. To state that one "does not approve" of something is not necessarily or plainly the same as saying that one "disapproves." Especially is this so when the very next statement is that "you are not guaranteed that the plea bargain is going to be carried through by the Court," which at the very least implies that "*although* you are not guaranteed . . ., *even so the bargain may* be carried through by the Court." When the court decided that in fact "the bargain *would not* be carried through by the Court," it should have advised appellant of its decision, and should then have "call[ed] upon [him] to either affirm or withdraw his plea[ ]." *Commonwealth v. Evans, supra.*

The judgment of sentence is vacated and the record is remanded with instructions to permit appellant to withdraw his plea.

VAN der VOORT, J., dissents.