## Commonwealth v. Jacoby

C.P. of Carbon County, no. 327 CR 93.

*Jean A. Engler, assistant district attorney,* for the Commonwealth.
*Stephen P. Vlossak Sr.,* for defendant.

LAVELLE, *P.J.,* April 10, 1996—On November 6, 1995, Robert F. Jacoby, defendant, filed a pro se Post Conviction Relief Act petition alleging ineffective assistance of counsel. On November 13, 1995, the court appointed a public defender to represent defendant in

this matter. At the February 12, 1996 hearing, PCRA counsel indicated that defendant posited his ineffectiveness claim on the fact that his sentence was not in accordance with his plea agreement and, therefore, defendant wanted his sentence reconsidered. (PCRA N.T. p. 3.) From the PCRA petition and hearing we make the following:

## FINDINGS OF FACT

(1) On July 14, 1993, defendant was charged with six counts of involuntary deviate sexual intercourse (F1), three counts of aggravated assault (F2), and three counts of indecent assault and corruption of minors (M1).

(2) Defendant was represented during the trial proceedings by Eugene Mayberry, Esquire.

(3) On or about January 10, 1994, defendant entered into a written plea agreement under the terms of which he, inter alia, agreed to plead guilty to the three counts of aggravated indecent assault, and in return, the assistant district attorney agreed to recommend on each count a county sentence of 12 to 24 months to be served concurrently and to nol pros the other counts.

(4) The plea agreement was silent on whether defendant was entitled to withdraw his plea if the sentencing judge did not concur in the recommended sentence.

(5) On January 10, 1994, defendant pled guilty to three counts of aggravated indecent assault and the assistant district attorney recommended county sentences of 12 to 24 months on each count to be served concurrently and dismissed the outstanding counts. (Guilty plea Tr. p. 4.)

(6) On March 3, 1994, the Honorable Richard W. Webb sentenced defendant on the three counts of ag-

gravated indecent assault to terms of imprisonment in a state correctional institution of 24 to 60 months on each count to be served concurrently.

(7) At the time of sentence, the sentencing judge did not advise defendant that he had the right to withdraw his guilty plea because the sentence did not conform to the recommended sentence in the plea agreement.

(8) Defendant's trial counsel did not object to the sentencing procedure or request that the judge comply with Pa.R.Crim.P. 319 after he knew that the judge did not concur with the recommended sentence.

## DISCUSSION

Defendant contends he is entitled to relief because "Attorney Mayberry did not protect [defendant's] rights even after the Commonwealth entered a 'contractual agreement' to sentence [defendant] to 12 to 24 months (sic) . . . ." (Defendant's "ineffective assistance of counsel nunc pro tunc" petition, p. 2.)

More specifically, defendant argued at the PCRA hearing that trial counsel was ineffective because he failed to object when the sentencing judge indicated to defendant that he was not going to follow the plea agreement with respect to his sentence. We agree.

The standard for reviewing an ineffectiveness of counsel claim is well settled in Pennsylvania and the Pennsylvania Supreme Court has delineated it as follows:

"The threshold inquiry in ineffectiveness of counsel claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; for counsel cannot be ineffective for failing to assert a meritless claim. Once this threshold is met we apply the 'reasonable basis' test to determine whether coun-

sel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective. If we determine that there was no reasonable basis for counsel's chosen course then the accused must demonstrate that counsel's ineffectiveness worked to his prejudice. The burden of establishing counsel's ineffectiveness is on the appellant because counsel's stewardship of the trial is presumptively effective. (citations omitted)" *Commonwealth v. Wilson,* 543 Pa. 429, 440, 672 A.2d 293, 298 (1996), citing *Commonwealth v. Weiss,* 530 Pa. 1, 5-6, 606 A.2d 439, 441-42 (1992). We now evaluate defendant's ineffectiveness of counsel claim in the light of this standard.

## I. *Arguable Merit*

The first prong of the ineffectiveness standard is whether defendant's claim has arguable merit, "that is, whether the disputed action or omission by counsel was of questionable legal soundness." *Commonwealth v. Jermyn,* 533 Pa. 194, 198, 620 A.2d 1128, 1130 (1993), citing *Commonwealth v. Davis,* 518 Pa. 77, 83, 541 A.2d 315, 318 (1988).

We have carefully reviewed the sentencing proceedings, and we find nothing on the record to show that defendant was given the opportunity to withdraw his guilty plea once the sentencing judge informed the defendant that he did not intend to follow the Commonwealth's sentencing recommendation. Further, neither the written plea agreement nor the guilty plea colloquy contained a waiver of defendant's 319(b)(3) right.

It has long been the law in this Commonwealth, that a defendant, unless he intelligently and voluntarily waives it, has an absolute right to withdraw a plea-bargain induced guilty plea when the sentencing judge informs the defendant that he does not intend to impose the recommended sentence. *Commonwealth v. Fazenbaker,* 248 Pa. Super. 433, 375 A.2d 175 (1977).

Pennsylvania Rule of Criminal Procedure 319(b)(3) specifically provides:

"If the judge is satisfied that the plea is understandingly and voluntarily tendered, he may accept the plea. *If thereafter the judge decides not to concur in the plea agreement, he shall permit the defendant to withdraw his plea.*" (emphasis added)

This rule requires the sentencing judge, when he rejects the sentencing recommendation, to inform defendant that he has the option of either withdrawing his guilty plea or accepting a sentence that does not conform to the terms of the plea-bargain.

In the instant case, the court reminded defendant that the court was not bound by the terms of the plea agreement and proceeded to impose a sentence which was different than the terms of the plea agreement. The court never inquired, however, as to whether defendant wanted to exercise his right to withdraw his guilty plea. This omission did not meet the mandates of Pa.R.Crim.P. 319(b)(3). Trial counsel, at the very least, should have pointed out to the court that his client had the right to withdraw his plea under Rule 319 and that the court should so inform him. *Commonwealth v. Persinger,* 532 Pa. 317, 615 A.2d 1305 (1992). Because trial counsel did not do so, we find

that the argument underlying defendant's contention of ineffectiveness of counsel has arguable merit.

## II. *Reasonable Basis*

The second prong of the ineffectiveness standard is to determine whether counsel's inaction was reasonable and based on the best interests of his client. *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987).

Trial counsel testified at the PCRA hearing that the first time he knew what sentence the judge was going to impose upon defendant was at the sentencing proceeding. It was at that point that trial counsel had a duty to object to the imposition of a sentence which differed from the sentence agreed upon in the plea bargain and invoke defendant's Pa.R.Crim.P. 319 right. Counsel failed to interpose any objection and allowed the court to proceed with the sentencing. At the PCRA hearing, trial counsel offered no explanation for his inaction. We find, therefore, that there was no reasonable basis for trial counsel's silence.

## III. *Prejudice*

The third prong of the ineffectiveness standard is whether counsel's omission worked to prejudice defendant, that is, "had an adverse effect upon the outcome of the proceeding." *Jermyn, supra* at 198, 620 A.2d at 1130. In *Persinger, supra,* the Pennsylvania Supreme Court held trial counsel's failure to object and seek withdrawal of the defendant's guilty plea, which allowed him to receive a sentence different than the sentence for which he bargained, was inherently prejudicial to the defendant. Here, as in *Persinger,* we hold trial coun-

sel's silence, in the face of a different sentence, was inherently prejudicial to defendant.

Since all prongs of the standard have been met, we conclude that trial counsel's failure to object at the sentencing proceeding constituted ineffective assistance of counsel.

Defendant's sentence must be set aside, and he must be returned to the sentencing judge and given the opportunity to withdraw his guilty plea.

We, therefore, draw the following

## CONCLUSIONS OF LAW

(1) Defendant was deprived of his right to withdraw his guilty plea in violation of Pa.R.Crim.P. 319.

(2) Defendant was deprived of his right to representation by competent and effective trial counsel.

For the foregoing reasons, we enter the following:

## ORDER

And now, April 10, 1996, defendant's petition for relief under the Post Conviction Hearing Act is hereby granted. The sentence of the court of March 3, 1994, is hereby vacated. As soon as practicable, defendant shall be transported to the Carbon County Prison. A new sentencing proceeding is hereby scheduled for May 16, 1996 at 1:15 p.m. in court room no. 2 before the Honorable Richard W. Webb. Bail is set at $100,000.