J. S11008/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                                        :          PENNSYLVANIA
                v.            :
                                          :
DAWN SMALLEY,                :        No. 1571 EDA 2015
                                          :
             Appellant     :

Appeal from the Judgment of Sentence, May 18, 2015,
in the Court of Common Pleas of Montgomery County
Criminal Division at Nos. CP-46-CR-0000958-2015,
CP-46-CR-0005775-2014

BEFORE:  FORD ELLIOTT, P.J.E., OTT AND MUSMANNO, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED APRIL 18, 2016**

Dawn Smalley appeals from the May 18, 2015 judgment of sentence following her conviction of retail theft. We affirm.

On May 18, 2015, appellant entered into a plea agreement with the Commonwealth in response to a charge of retail theft. As part of the plea agreement, appellant agreed to serve a term of incarceration at the Montgomery County Correctional Facility for not less than six months, nor more than twenty-three months followed by a three-year term of probation, community service requirements, and payment of fines, court costs, and restitution. The terms of the plea agreement were jointly recommended to the trial court. (Notes of testimony, 5/18/15 at 9.) The plea agreement contained the following clause:

> Are you aware that the Judge does not have to sentence you to the term of probation or jail sentence upon which your attorney and Assistant District Attorney have agreed?

Plea agreement at 4. Appellant affirmatively indicated that she understood that particular clause of the plea agreement. Additionally, appellant initialed at the bottom of the page on which the clause was found in the plea agreement and signed the plea agreement. The trial court, after stating on the record that the terms of the plea agreement were unsatisfactory, sentenced appellant to a term of eleven and one-half to twenty-three months' imprisonment.[1]

Appellant does not challenge any aspect of the sentence she received, rather, she challenges the legality of the sentence, indicating that her case should be remanded to the trial court for resentencing consistent with the terms of her plea agreement.

Having determined, after careful review, that the Honorable Wendy Demchick-Alloy, in her Rule 1925(a) opinion of June 30, 2015, ably and comprehensively disposes of appellant's issue on appeal, with appropriate

---

[1] When plea agreements are accompanied by a recommended sentence, the trial court is not bound to that recommendation and is free to not abide by the terms of the recommended sentence. **Commonwealth v. Berry**, 877 A.2d 479, 484-485 (Pa.Super. 2005) (**en banc**), **appeal denied**, 917 A.2d 944 (Pa. 2007). If the sentence imposed by the trial court is unacceptable to the defendant, it is the defendant's responsibility to file a motion with the trial court to withdraw the guilty plea. **Id.**

J. S11008/16

reference to the record and without legal error, we will affirm on the basis of that opinion.

Judgment of sentence affirmed.

Musmanno, J. joins the Memorandum.

Ott, J. concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/2016

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA  :  Nos.  CP-46-CR-0000958-2015
                              :        CP-46-CR-0005775-2014
            v.                :
                              :
DAWN SMALLEY                  :

## OPINION

DEMCHICK-ALLOY, J.                                    JUNE 30, 2015

Appellant Dawn Smalley, defendant in the above-captioned matters, appeals from the judgments of sentence filed on May 18, 2015. By order dated May 29, 2015, the undersigned judge directed appellant to file a statement of errors complained of on appeal. On June 17, 2015, appellant filed a "Preliminary Concise Statement of Matters Complained of Pursuant to Pa.R.A.P. 1925" (hereinafter, "the Statement"). The Statement raises a single issue, quoted here verbatim:

> Whether the trial court erred in allowing Appellant to be colloquied and thereafter accepting Appellant's guilty plea and admissions to [her] probation violations based on the terms and conditions as announced in open court by the prosecutor and defense, but, subsequent thereto sentencing appellant to a sentence that did not conform to the global negotiated plea agreement as announced before appellant tendered [her] guilty plea and concomitant admission to probation violations.

### Facts and Procedural History

On May 18, 2015 appellant appeared with counsel before the undersigned and, together with an assistant district attorney for the Commonwealth, presented a negotiated guilty plea in regard to a new charge of retail theft graded as a felony of the third degree. N.T. 5-18-2015, p. 2. The proposed sentence included a term of incarceration of six to twenty-three months, to be served at the Montgomery County Correctional Facility, with three years' probation, thirty-six

hours' community service, and a fine of $300.00 and costs, with restitution to be determined within thirty days after sentencing. *Id.*

Appellant's lawyer conducted an oral guilty plea colloquy and produced, as Exhibit D-1, a written guilty plea colloquy. *Id.* at 3-8. The written colloquy was accepted into evidence and made a part of the record. The assistant district attorney engaged appellant in a supplemental oral plea colloquy. *Id.* at 8-10. After the oral and written colloquies were presented to the court, the undersigned judge engaged appellant in a dialogue in order to observe her demeanor, appraise her apparent willingness to reform herself, and further assess her rehabilitative needs. That dialogue, when considered in the context of appellant's criminal history record, established that: she had been convicted numerous times in Montgomery County, Bucks County and Philadelphia County, *id.* at 11-12, 20-21; her offenses included identity theft, *id.* at 13; she had been addicted to narcotics for the past fourteen years, *id.* at 22, before and after she became the mother of twins, *id.* at 16, 22-23; and she stole to support her addiction, *id.* at 15. She began taking narcotics when a doctor prescribed them to treat the pain from lupus, *id.* at 14, but she spent fourteen years indulging her addiction by stealing without seeking any steps to treat it. *Id.* at 14-15. Appellant's testimony that she did not tell any of her prior sentencing judges or probation officers that she was addicted to narcotics until January of this year (at which time she told her probation officer in Bucks County) was incredible. *Id.* at 15, 23; *see also id.* at 16 ("Why wouldn't you totally and utterly be desperate for rehab, and do everything you could on your own, if the PO is not responding to get help, as opposed to stealing?").

The evidence adduced at the guilty plea hearing indicated that the negotiated sentence would not be sufficient to enable appellant to undergo an effective program of drug treatment while she was off the streets, and the undersigned judge repeatedly stated her intention not to

2

follow the sentencing recommendation because it would not have been consistent with appellant's rehabilitative needs or the protection of the public. *Id.* at 13 (considering incarceration at SCI Muncy and referring to drug treatment program available there); *id.* at 13-14 (stating, "I'm thinking out loud so you can hear me in the way I'm thinking here."); *id.* at 18, 19 (considering treatment programs available at SCI Muncy in view of appellant's rehabilitative needs and public safety); *id.* at 20, 23-24 (concluding that negotiated term of incarceration too short even assuming upcoming sentencing in Bucks County would address appellant's need for treatment). Prior to imposing sentence, the undersigned judge gave appellant opportunities to speak before being sentenced, at which times she could have asked to withdraw her guilty plea, or to have time to speak with her lawyer about whether to proceed with the guilty plea hearing. *Id.* at 15-16, 23. At no time before or after sentencing did defense counsel ask for a recess to speak with appellant about whether to withdraw her plea. After the hearing concluded, appellant did not file a written post-sentence motion to withdraw the plea or ask for reconsideration of the sentence. Appellant simply filed the instant appeal.

## Discussion

Appellant does not claim on appeal that the colloquies were deficient in any way, nor does she claim that her guilty plea was less than knowing, intelligent and voluntary. She does not claim that the sentences imposed in the above-captioned matters were illegal for any reason. Likewise, appellant does not expressly state that the undersigned judge abused her discretion, and she does not identify any theory by which the sentences could be determined to be the product of an abuse of discretion. Appellant merely claims that the undersigned judge erred by accepting her guilty pleas but rejecting the negotiated sentences, notwithstanding the controlling rule of criminal procedure, which expressly gives judges the power to "refuse to accept a plea of

3

guilty...." Pa.R.Crim.P. 590(A)(1).[1]

The Sentencing Code, 42 Pa.C.S. §§ 9701-9799.41, obligates judges to impose a sentence "that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). The statute does not give judges a discretionary power to disregard those considerations when imposing a sentence. *See Commonwealth v. Walls*, 926 A.2d 957, 964 (Pa. 2007) (explaining that sentence may be vacated as "unreasonable" if "the sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing found in Section 9721, i.e., the protection of the public; the gravity of the offense in relation to the impact on the victim and the community; and the rehabilitative needs of the defendant."). Based on appellant's fourteen-year career of theft without any serious effort to seek help for the drug addiction that drove it, the terms of the negotiated sentences would not have been consistent with appellant's rehabilitative needs or the protection of the public. The facts of record in the above-captioned matters show that the undersigned judge considered the requisite statutory criteria when rejecting the negotiated sentences and fashioning the sentences that were imposed. The sentences imposed in the above-captioned matter were, therefore, a lawful exercise of discretion.

---

1 The record shows that the undersigned judge told appellant that she decided not to accept the terms of the negotiated disposition prior to imposing sentence, thus giving her an opportunity to orally move to withdraw her plea before sentencing. The undersigned judge was, however, under no legal obligation to do so. Prior to its amendment in 1995, Pa.R.Crim.P. 391 obligated a judge "to permit the defendant to withdraw his plea" if the judge decided not to accept the terms negotiated by the parties. Pa.R.Crim.P. 319(b)(3). Case law interpreting sub-paragraph (b)(3) imposed an additional obligation: "if the court decides not to accept the recommended disposition of the plea agreement it must make its decision known to the defendant and his counsel *before sentencing* so that the defendant has an opportunity to petition to withdraw the plea." *Commonwealth v. Fazenbaker*, 375 A.2d 175, 176 (Pa. Super. Ct. 1977) (italics added). Sub-paragraph (b)(3) was deleted by amendment of December 22, 1995, effective July 1, 1996, and Rule 319 was renumbered as Pa.R.Crim.P. 590 by order of March 1, 2000, effective April 1, 2001. Pa.R.Crim.P. 590, cmt.

4

## CONCLUSION

Upon consideration of the foregoing discussion, the undersigned respectfully submits that the judgment of sentence should be affirmed.

BY THE COURT,

Wendy Demchick-Alloy, Judge

**Copy of above sent on** ___7/6/15___ **to:**
Raymond D. Roberts, A.P.D., Chief, Appellate Division, by inter-office mail
Robert M. Falin, Deputy District Attorney, D.A.'s Office, by inter-office mail

5