J-S62041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEVON SMITH | |
| Appellant | No. 352 MDA 2016 |

Appeal from the Judgment of Sentence October 15, 2015
In the Court of Common Pleas of Northumberland County
Criminal Division at No(s): CP-49-CR-0001279-2014

BEFORE: GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED OCTOBER 06, 2016**

Appellant, Devon Smith, appeals from the judgment of sentence entered in the Northumberland Court of Common Pleas, following his open guilty plea to aggravated assault and aggravated harassment by prisoner.[1] We affirm.

We draw the relevant facts and procedural history of this case from the certified record as follows. On or about July 15, 2014, Appellant kicked a uniformed maintenance worker, while in the performance of his duty, in the lower leg and knowingly spat on a corrections officer. As a result of this incident, the Commonwealth charged Appellant with one count of aggravated assault and one count of aggravated harassment by prisoner.

_____

[1] 18 Pa.C.S.A. § 2702(a)(3) and 18 Pa.C.S.A. § 2703.1, respectively.

Appellant was already serving an aggregate sentence of one (1) year and six (6) months to seventeen (17) years of incarceration on unrelated offenses, with a minimum sentence that expired on September 19, 2011, and a maximum sentence that is set to expire on December 21, 2021. Appellant entered into an open plea agreement with the Commonwealth; the Commonwealth agreed to recommend the two new sentences to run concurrently to each other, and in the standard range, with the remaining terms of the sentence left to the court's discretion.

On October 15, 2015, Appellant pled guilty to both new charges, after the court conducted a colloquy on the record. The court sentenced Appellant on the same day to two (2) to four (4) years' imprisonment on each charge to run concurrently with each other, but consecutive to the sentence he was already serving on his unrelated crimes. Appellant timely filed a post-sentence motion on October 16, 2015, alleging he believed the new sentences would run concurrently with the unrelated state sentence he was also serving, and asked to withdraw his guilty plea as unintelligent or unknowing. On February 18, 2016, the court denied Appellant's post-sentence motion by operation of law. Appellant timely filed a notice of appeal on February 26, 2016. On March 1, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed.

Appellant raises the following issue for our review:

> WHETHER THE COURT ERRED IN DENYING [APPELLANT'S] MOTION TO WITHDRAW HIS PLEA ON THE BASIS THAT IT WAS NOT INTELLIGENTLY OR KNOWINGLY ENTERED WHEN IT WAS HIS UNDERSTANDING THAT HIS SENTENCES WOULD BE CONCURRENT TO THE CURRENT STATE SENTENCE HE WAS SERVING.

(Appellant's Brief at 6).

Appellant argues he entered into this plea agreement with a different understanding as to his sentence, which establishes a manifest injustice allowing him to withdraw his guilty plea. Through communications with his counsel, Appellant believed he would serve his new sentences concurrently with the state sentence he was already serving. Appellant reasons his plea was flawed because the court sentenced him to serve his new sentences consecutively to the one he was already serving, which cause his plea to be unknowing or unintelligent. Appellant concludes we must vacate his sentences and allow him to withdraw his guilty plea. We disagree.

A valid guilty plea must be knowingly, voluntarily and intelligently entered. **Commonwealth v. Pollard**, 832 A.2d 517 (Pa.Super. 2003). The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. **Commonwealth v. Hodges**, 789 A.2d 764 (Pa.Super. 2002). Specifically, the court must affirmatively demonstrate a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the

- 3 -

presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the judge is not bound by the terms of the agreement unless he accepts the agreement. *Commonwealth v. Watson*, 835 A.2d 786 (Pa.Super. 2003). This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. *Commonwealth v. Muhammad*, 794 A.2d 378 (Pa.Super. 2002). Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing and bears the burden of proving otherwise. *Pollard, supra*. A defendant who decides to plead guilty is bound by the statements he makes while under oath, "and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Id.* at 523.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Paige Rosini, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed April 15, 2016, at 2-4) (finding: plea agreement provided Appellant's sentences on two new charges would run concurrently to each other; agreement made no mention of whether new sentences would run concurrently to any other sentences Appellant was already serving; even if Appellant contemplated possibility of all sentences

running concurrently, that concept was not part of plea agreement; therefore, Appellant failed to show plea constituted manifest injustice). We agree. At Appellant's plea hearing, the court conducted an adequate plea colloquy and determined Appellant understood the nature of the charges to which he is pleading guilty; the factual basis for the plea; his right to trial by jury; the presumption of innocence; the permissible ranges of sentences and fines possible; and that the judge was not bound by the terms of the agreement unless she accepts it. Further, the Commonwealth stated on record the exact terms of the plea agreement, which included a recommendation that the sentences on both new counts would run concurrently to each other, be in the standard range, and the remaining terms of the sentence would be left to the discretion of the court. We see no reason to disturb the court's decision to deny Appellant the relief he requested. Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2016

IN THE COURT OF COMMON PLEAS
OF NORTHUMBERLAND COUNTY, PA

COMMONWEALTH of PENNSYLVANIA,           :
                                        :          CRIMINAL LAW – DIVISION
v.                                      :
                                        :          CR – 2014 – 1279
DEVON SMITH,                            :
            Defendant.                  :

OPINION PURSUANT TO PA.R.A.P. 1925(a)

## Factual and Procedural Background

The Defendant in the above-captioned case pled guilty to aggravated assault and aggravated harassment by a prisoner on October 15th 2015. At that hearing the Court was advised of the plea agreement by the Assistant District Attorney.

> "Prior to coming before the Court the parties have reached a plea agreement that we would propose to the Court that the defendant would enter a guilty plea on each of the two counts pending in this case. The Commonwealth would recommend that both counts run concurrently to each other in the standard range with the remaining terms of the sentence being at the discretion of the Court."

At sentencing, the Court imposed the following sentence:

"Then I will sentence you as follows on the charge of aggravated assault filed as Count Number 1 to CR – 2014 – 1279: To pay the costs of prosecution, pay Act 35 supervision fees, and a period of incarceration in a state correctional institution of 2 to 4 years to run consecutive to the existing sentences being served.

Then on the charge of aggravated harassment by a prisoner filed as Count Number 2 to the same number and term: To pay the costs of prosecution, pay all Act 35 supervision fees, and a period of incarceration in a state correctional institution of 2 to 4 years to run concurrent to Count Number 1."

The Defendant filed a post-sentence motion on October 16th 2015 alleging error in that the Court failed to run the sentence on CR – 2014 – 1279 concurrent to "any other state sentence he is currently serving". In the motion, the Defendant indicates his guilty plea was not intelligently or knowingly entered.

The Defendant's motion was denied by operation of law and this appeal followed.

## Issues Presented

The Defendant claims that he should be permitted to withdraw his guilty plea in light of not having his sentence under CR – 2014 – 1279 run concurrent to other sentences he was serving.

## Rule of Law

In order to permit the withdrawal of a guilty plea after sentence has been entered, there must be a showing of prejudice that results in a manifest injustice to the defendant. *See Commonwealth v. Vance*, 546 A.2d 632, 635 (Pa. Super. 1988); *Commownealth v. Schultz*, 477 A.2d 1328 (Pa. 1984); *Commonwealth v. Muller*, 482 A.2d 1307, 1310 (Pa. Super. 1984). To prove manifest injustice, a criminal defendant must show that his plea was involuntary or was entered without knowledge of the charge. *See Commonwealth v. Fenton*, 566 A.2d 260, 262 (Pa. Super. 1989); *Commonwealth v. Jones*, 566 A.2d 893, 895 (Pa. Super. 1989). Once a defendant enters a guilty plea, it is presumed he was aware of what he was doing, the burden of proving the contrary, understandably rests with him. *See Commonwealth v. West*, 485 A.2d 490, 493 (Pa. Super. 1984); *Commonwealth v. Phillips*, 542 A.2d 575, 576 (Pa. Super. 1988).

Post-sentencing attempts to withdraw a guilty plea must sustain this more substantial burden of demonstrating manifest injustice because of the recognition that a plea withdrawal can be used as a sentence-testing device. *See Commonwealth v. Shaffer*, 446 A.2d 591, 593 (Pa. 1982); *Commonwealth v. Starr*, 301 A.2d 592, 594 (Pa. 1973). A disappointed expectation regarding a sentence entered does not constitute grounds for withdrawing his guilty plea. *See Commonwealth v. Owens*, 467 A.2d 1159, 1163 (Pa. Super. 1983).

Pennsylvania has constructed its guilty plea procedures in a way designed to guarantee assurance that guilty pleas are voluntarily and understandingly tendered. *See* Pa.R.Crim.P. 590. The entry of a guilty plea is a protracted and comprehensive proceeding wherein the court is obliged to make a specific determination after extensive colloquy on the record that a plea is voluntarily and understandingly tendered. A guilty plea colloquy must include inquiry as to whether (1) the defendant understood the nature of the charge to which he is pleading guilty; (2) there is a factual basis for the plea; (3) the defendant understands that he has the right to a jury trial; (4) the defendant understands that he is presumed innocent until he is found guilty; (5) the defendant is aware as to the permissible range of sentences; and (6) the defendant is aware

that the judge is not bound by the terms of any plea agreement unless he accepts such agreement. See Commonwealth v. Willis, 369 A.2d 1189 (Pa. 1977). Inquiry into these six areas is mandatory in every guilty plea colloquy. See Commonwealth v. Glaze, 531 A.2d 796 (Pa. Super. 1987); Commonwealth v. Moore, 528 A.2d 1364 (Pa. Super. 1987); and Commonwealth v. Alston, 564 A.2d 235, 237 (Pa. Super. 1989).

Under Pa.R.Crim.P. 590A(3) if the judge is satisfied that the plea is understandingly and voluntarily tendered, he may accept the plea. If thereafter the judge decides not to concur in the plea agreement, he shall permit the defendant to withdraw his plea.

In interpreting this rule, several Superior Court decisions held that "a sentence recommendation is among the 'terms' of a plea bargain, and the Rule provides that if the judge cannot concur in the bargain, he must afford the defendant an opportunity to withdraw." Commonwealth v. Sutherland, 340 A.2d 582, 584-585 (Pa. Super. 1975), Commonwealth v. Fazenbaker, 375 A.2d 175 (Pa. Super. 1977). In Commonwealth v. Bennett, 517 A.2d 1248, 1251-1252 (Pa. 1986), the Supreme Court, by dictum, interpreted Rule [590] in a similar manner. This interpretation of the rule was "premised on the idea that it would be unfair to accept a guilty plea which was induced in part by a recommendation of a lenient sentence and then impose a greater sentence." Sutherland, 340 A.2d at 584.

More recent decisions, however, have made it quite clear that plea agreements by which the Commonwealth has agreed to make nonbinding sentencing recommendations will not give rise to a per se right to withdraw the plea if the sentencing court does not accept the recommendation. Thus, in Commonwealth v. Osteen, 552 A.2d 1124 (Pa. Super. 1989), the sentencing court's rejection of the prosecution's expressly nonbinding recommendation of probation and the imposition of a sentence of imprisonment was held not to violate the terms of the plea agreement. The Court reasoned as follows:

> The ... plea bargain created no expectation whatsoever as to
> what sentence would be imposed. By its clear and fully explained terms,
> the plea bargain was expressly limited to what sentence the prosecutor would
> recommend, not what sentence the court would impose. Thus, the prosecutor
> completely fulfilled his part of the plea bargain at sentencing by offering the
> recommendation as agreed.... To have permitted appellant to withdraw his no
> contest plea based upon the trial court's rejection of the prosecution's
> recommendation, would have ignored the clear limits of the plea agreement
> and would have permitted precisely the kind of "sentence-testing" which our
> Supreme Court expressly condemned.

**Legal Reasoning**:

The plea agreement, as recited by the Assistant District Attorney, provided that the Defendant's sentences on the two charges would run concurrent to each other. Absolutely no mention is made of running the sentences imposed for CR – 2014 – 1279, concurrent to any other sentences the Defendant was serving. This may have been contemplated by the Defendant, but it was not made a term of the plea agreement.

As such, there is no proof provided of a manifest injustice. The Defendant's appeal should be dismissed.

BY THE COURT:

Paige Rosini, Judge

FILED

2016 APR 15 PM 2: 34

NORTHUMBERLAND COUNT
CLERK OF COURTS