J-S43032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LANA SUE LAUGHBAUM | : | |
| | : | |
| Appellant | : | No. 516 WDA 2020 |

Appeal from the PCRA Order Entered March 24, 2020
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s):  CP-33-CR-0000007-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LANA SUE LAUGHBAUM | : | |
| | : | |
| Appellant | : | No. 517 WDA 2020 |

Appeal from the PCRA Order Entered March 24, 2020
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s):  CP-33-CR-0000264-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LANA SUE LAUGHBAUM | : | |
| | : | |
| Appellant | : | No. 518 WDA 2020 |

Appeal from the PCRA Order Entered March 24, 2020
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s):  CP-33-CR-0000265-2018

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                 :            PENNSYLVANIA

           Appellee :
                                 :
             v. :
                                 :
LANA SUE LAUGHBAUM :
                                 :
           Appellant :         No. 519 WDA 2020

Appeal from the PCRA Order Entered March 24, 2020
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000266-2018

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                 :            PENNSYLVANIA

           Appellee :
                                 :
             v. :
                                 :
LANA SUE LAUGHBAUM :
                                 :
           Appellant :         No. 520 WDA 2020

Appeal from the PCRA Order Entered March 24, 2020
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000267-2018

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                 :            PENNSYLVANIA

            Appellee :
                                 :
             v. :
                                 :
LANA SUE LAUGHBAUM :
                                 :
           Appellant :         No. 521 WDA 2020

Appeal from the PCRA Order Entered March 24, 2020
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000268-2018

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
LANA SUE LAUGHBAUM :
:
Appellant : No. 522 WDA 2020

Appeal from the PCRA Order Entered March 24, 2020
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000582-2018


COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
LANA SUE LAUGHBAUM :
:
Appellant : No. 523 WDA 2020

Appeal from the PCRA Order Entered March 24, 2020
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000392-2018


BEFORE: SHOGAN, J., STABILE, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED: March 19, 2021**

Appellant, Lana Sue Laughbaum, appeals from the orders entered in the Jefferson County Court of Common Pleas, which denied her first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. In 2018, the Commonwealth charged Appellant with multiple counts of bad

checks and theft by deception. These charges stemmed from Appellant's attempts to sell timber on her land despite having a lien on the property which forbid her from doing so until the lien was satisfied. The PCRA court summarized the subsequent case history as follows:

> [Appellant] met [plea counsel] for the first time at [the] Magisterial District Judge['s]…office in Punxsutawney. There she discussed with him the civil happenings and litigation that gave rise to her criminal charges. [Plea counsel] advised her that he did not feel comfortable or competent to deal with the complex civil issues her defense would entail but offered to find her another attorney who did. When she later learned that having a new attorney would mean an additional delay, however, she elected to wait and see what kind of plea deal the Commonwealth was willing to offer her.
>
> After exchanging a few letters with her, [plea counsel] had [Appellant] transported to his office on January 14, 2019 to review discovery and answer her questions. He had already conveyed the Commonwealth's offer of 18 months [to] 10 years in prison and advised her that the [c]ourt was willing to give her time served [to] 10 years if she pled that day—a sentence the Commonwealth formally offered in the meantime. That would mean pleading to 2 [misdemeanor one] counts of Bad Check[s] and 6 [felony three] counts of Theft by Deception, [plea counsel] explained, and receiving concurrent sentences on each charge. Either option, he conveyed, would involve being subject to the terms and conditions of parole until 10 years had expired—a circumstance that raised a number of questions in [Appellant's] mind. She wanted to know, for instance, how long it would take to get paroled and whether she would be permitted to relocate to California or Utah. [Plea counsel] was unable to answer all of her questions and frankly told her so. He advised her, however, that classification would likely take 4 [to] 6 months and that both her parole date and her ability to relocate were discretionary to the Parole Board.
>
> Though convinced her rights had been violated during the

aforementioned civil litigation[1] and that these criminal charges were bogus, [Appellant] was concerned that she could not get a fair trial. A local jury, she thought, might be biased against her since she was originally from New York. She was also concerned, as was [plea counsel], that its members would have trouble understanding her complex defense, which depended on them appreciating the nuances of the prior civil litigation and agreeing with her assessment that its outcome represented a derogation of justice. She thus agreed to go forward with the open plea under the terms and conditions [plea counsel] had explained to her, but only if she could plead no contest.

At 12:12 p.m. that same day, the district attorney called the cases…, announcing that a plea deal had been reached. Referring to the plea colloquy he had already completed and explained to his client, [plea counsel] confirmed its specific terms as follows: "My client entered a no contest plea to the above charges and received time served to ten years SCI on each theft by deception concurrent and time served to five years SCI on each bad checks also concurrent [and the Commonwealth agreed to] *nolle pros* others including pending game law summaries." [Appellant] then affirmed that she understood the legal effects of pleading no contest rather than not guilty; the elements of the offenses to which she was pleading; the maximum and guideline sentencing ranges assigned to each; and the facts the Commonwealth had alleged in support of the charges. [Plea counsel], who had already explained each of those things to his client, was directing her to the corresponding information on the written colloquy as the [c]ourt was questioning her.

After the [c]ourt delivered the sentence, [Appellant] affirmed that she understood its terms and conditions.[2] She further acknowledged that she understood her post-sentence and appeal rights, and left the courthouse without asking any further questions of either her attorney or the [c]ourt. Housed in the Jefferson County Jail for 2-4 more weeks, she also did not reach out to either one before being transferred to the D.O.C. Confident that she had received precisely the sentence she had agreed to and was expecting,

---

[1] The record does not specify the details of the civil litigation.

[plea counsel] did not reach out to her, either. [On February 5, 2019, plea counsel filed a motion to withdraw and indicated no post-sentence motions or notice of appeal would be filed. The court permitted plea counsel to withdraw on February 11, 2019.]

> [2] By order dated January 22, 2019, the [c]ourt subsequently corrected what would otherwise have been an illegal sentence, assessing the maximum at 7 years rather than 10 and recalculating [Appellant]'s RRRI date.

Nearly ten months after being sentenced, having neither filed a direct appeal nor asked [plea counsel] to do so on her behalf, [Appellant] filed the subject PCRA petition [on November 7, 2019]. She knew by then that the Parole Board was not going to approve her proposed relocation to California.

(PCRA Court Opinion, filed March 24, 2020, at 1-3) (internal citations and footnote omitted).

In her PCRA petition, Appellant alleged plea counsel was ineffective for, *inter alia*, convincing her to enter an unknowing, involuntary, and unintelligent plea. Appellant contended that, following her conversations with plea counsel, she believed that if she pled *nolo contendere*, she would receive a time-served sentence with immediate release, no parole, and permission to relocate to California. Appellant claimed she did not find out until after sentencing that her immediate release was not guaranteed, she was subject to ten years of parole, and she could not relocate out of state. Appellant also attached to her petition a handwritten copy of an alleged January 16, 2019 letter she sent to plea counsel. In the letter, Appellant expresses her concern that her sentence did not reflect the plea to which she thought she agreed, and requests that

- 6 -

plea counsel pursue an appeal on her behalf.

The court appointed PCRA counsel on November 13, 2019, and held a PCRA hearing on March 17, 2020, during which both Appellant and plea counsel testified. Significantly, plea counsel denied having received the January 16, 2019 letter during the following exchange:

> [PCRA Counsel]: [Appellant] attached to her PCRA a letter she alleges she wrote to you January 16, 2019.
>
> [Plea Counsel]: I looked at it when I was back there.
>
> [PCRA Counsel]: Yeah. And I just set this up. I just want to tell you that the only letters that are contained in your file in this case—well, the last letter from [Appellant] to you is August of 2018.
>
> [Plea Counsel]: Okay.
>
> [PCRA Counsel]: Okay. If a defendant were to write you a letter, would it be your practice to stick it in the file?
>
> [Plea Counsel]: Yeah, to stick it in the file. Like I said, even if to say in a case like this, I want to appeal, I would have said, what's your basis for appeal. You know, we can't challenge the legality of the sentence, we can't challenge jurisdiction, and I'm saying generally if someone would just say I want to appeal the sentence, I always say on what basis. You know, we can't just say you don't like it. You need to tell me what the issue is, but I would have responded.
>
> [PCRA Counsel]: This is the January 16th, 2019—
>
> [Plea Counsel]: I looked at it. I have no recollection.
>
> [PCRA Counsel]: Basically, she's saying, hey, this isn't the agreement. I want to appeal, kind of?
>
> [Plea Counsel]: Had I received that, I would have written back to her.

> [PCRA Counsel]:       Okay.   And had you received it, you would have kept a copy at least in your file, correct?
>
> [Plea Counsel]:       Yes.
>
> [PCRA Counsel]:       And it's not there.  …

(N.T. PCRA Hearing, 3/17/20, at 45-46).

On March 24, 2020, the court denied PCRA relief.  Appellant filed timely notices of appeal at each underlying docket number on April 16, 2020.  The court ordered Appellant on April 27, 2020, to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Instead, on April 29, 2020, counsel filed a Rule 1925(c)(4) statement of intent to file a **Turner/Finley**[2] brief.  This Court consolidated Appellant's appeals *sua sponte* on May 7, 2020.  On July 30, 2020, counsel filed a petition to withdraw and a **Turner/Finley** brief in this Court.

Preliminarily, before counsel can withdraw representation under the PCRA, the law requires counsel to satisfy the mandates of **Turner/Finley**. **Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa.Super. 2003).

> …**Turner/Finley** counsel must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

---

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa.Super. 2007). Additionally, counsel must contemporaneously serve on Appellant copies of the "no-merit" letter or brief, the petition to withdraw, and a letter advising Appellant that she has the immediate right to file a brief in this Court *pro se* or with new privately-retained counsel. ***Commonwealth v. Muzzy***, 141 A.3d 509 (Pa.Super. 2016). "Substantial compliance with these requirements will satisfy the criteria." ***Karanicolas, supra*** at 947.

Instantly, counsel submitted a ***Turner/Finley*** brief on appeal and a petition to withdraw as counsel. Both the brief and counsel's petition to withdraw demonstrate that counsel has made a conscientious examination of the record in this case and determined the appeal is wholly frivolous. Counsel notified Appellant of counsel's request to withdraw, advised Appellant of her right to retain new counsel and/or raise any points she might deem worthy of consideration, and furnished Appellant with a copy of the petition and the brief prepared for this appeal. Thus, counsel has substantially complied with the technical requirements of ***Turner/Finley***. ***See id.*** Accordingly, we proceed with our independent assessment. ***See Turner, supra*** at 494-95, 544 A.2d at 928-29 (stating appellate court must conduct independent analysis and agree with counsel that appeal is frivolous).

Counsel raises the following issues on Appellant's behalf:[3]

---

[3] Appellant has not responded to the ***Turner/Finley*** brief *pro se* or with newly retained private counsel.

[Whether Appellant] was sentenced above the maximum sentence allowed by law?

[Whether Appellant]'s pleas of "no contest" were not voluntarily, knowingly, and intelligently made?

[Whether Appellant]'s [plea counsel] was ineffective for allowing her to enter pleas that were not knowingly made?

[Whether t]he sentencing court was biased and prejudiced and should have recused himself from taking [Appellant]'s pleas and sentencing her?

[Whether Appellant] was not aware, at [the] time of entering her pleas, of the nature of the charges and possible sentence ranges?

[Whether Appellant]'s [plea] counsel was ineffective for failing to file post-sentence motions and direct appeals from the judgments of sentences?

[Whether t]he trial court improperly engaged in the plea bargaining process in [Appellant]'s cases?

(**Turner/Finley** Brief at 4).[4]

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination

_____

[4] In her first issue, Appellant alleges the court sentenced her above the lawful maximum, where the court imposed a ten-year sentence on her felony-three theft by deception convictions. Here, the court initially imposed an illegal maximum sentence of ten years' incarceration for the third-degree felony theft by deception convictions. Realizing its error, however, the court amended the sentence on January 22, 2019, to a maximum sentence of seven years' incarceration. Thus, Appellant's sentence is no longer illegal, and this issue merits no relief. **See** 18 Pa.C.S.A. § 1103(3) (explaining term of incarceration for third-degree felony is fixed at no more than seven years); **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa.Super. 2005), *appeal denied*, 591 Pa. 688, 917 A.2d 844 (2007) (stating: "[A]n illegal sentence is one that exceeds the statutory limits").

- 10 -

and whether its decision is free of legal error. ***Commonwealth v. Conway***, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We do not give the same deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190 (Pa.Super. 2012). Traditionally, credibility issues are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. ***Commonwealth v. Abu-Jamal***, 553 Pa. 485, 720 A.2d 79 (1998), *cert. denied*, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 38 (1999). "A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts." ***Commonwealth v. R. Johnson***, 600 Pa. 329, 356-357, 966 A.2d 523, 539 (2009).

Appellant's remaining issues concern allegations of plea counsel's ineffectiveness. Pennsylvania law presumes counsel has rendered effective assistance. ***Commonwealth v. Williams***, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been

different. ***Commonwealth v. Kimball***, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. ***Williams, supra***.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." ***Commonwealth v. Pierce***, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

***Pierce, supra*** at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. In [***Kimball, supra***], we held that a "criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

***Commonwealth v. Chambers***, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

In her second, third, and fifth issues combined, Appellant argues plea

counsel was ineffective for leading her to enter an unknowing, unintelligent, and involuntary plea. Appellant alleges plea counsel led her to believe she would receive a sentence of time-served, with immediate release and no parole. Based upon this belief and in reliance on plea counsel's advice, Appellant contends she only answered "yes" to the oral and written plea colloquies as a "mere formality" to achieve the sentence to which she thought she had agreed. (**Turner/Finley** Brief at 20). Appellant concludes plea counsel was ineffective and this Court must grant her appropriate relief. We disagree.

A *nolo contendere* or no contest plea is treated the same as a guilty plea "in terms of its effect upon a case." **Commonwealth v. Leidig**, 850 A.2d 743, 745 (Pa.Super. 2004), *aff'd*, 598 Pa. 211, 956 A.2d 399 (2008). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." **Commonwealth v. Moser**, 921 A.2d 526, 531 (Pa.Super. 2007) (internal citation omitted). "Where the defendant enters [her] plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Id.**

Pennsylvania law does not require the defendant to "be pleased with the outcome of [her] decision to enter a plea of guilty[; a]ll that is required is that [her] decision to plead guilty be knowingly, voluntarily and intelligently made."

*Id.* at 528-29. A guilty plea will be deemed valid if the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of her plea such that she knowingly and intelligently entered the plea of her own accord. *Commonwealth v. Fluharty*, 632 A.2d 312 (Pa.Super. 1993). Pennsylvania law presumes the defendant is aware of what she is doing when she enters a guilty plea, and the defendant bears the burden to prove otherwise. *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa.Super. 2003).

Instantly, the PCRA court addressed Appellant's plea-related claims as follows:

> [T]he credible evidence does not support the idea that [Appellant] entered an involuntary plea. On the contrary, she entered the courtroom knowing that her overall sentence included a 10-year tail; knowing that she would be serving at least 4 [to] 6 months in prison for purposes of classification; knowing that she would be on parole for the remainder of the sentence; and knowing that her parole date and ability to relocate to California were matters left to the discretion of the Parole Board. She was further aware of the maximum penalties and applicable guideline ranges. [Plea counsel] had explained them to her prior to the hearing, and she stated on the record that she understood both her maximum sentencing liability and the terms of the deal she had reached with the Commonwealth. She cannot undo that now by insisting that she thought the words spoken in the courtroom that day were effectively meaningless. *See Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa.Super. 2002) ("We note that one is bound by one's statements made during a plea colloquy, and may not successfully assert claims that contradict such statements").
>
> By [Appellant]'s account, what happened on January 14, 2019 was that she went into [c]ourt believing she would get

the plea deal she alleged in her petition and assuming that the [c]ourt's utterances and her replies were mere formalities that each needed to recite to accomplish what she wanted. What the record credibly suggests, though, is that she fabricated the alleged plea deal only after learning that the Parole Board would not approve her proposed relocation. What it suggests, moreover, is that she drafted and pre-dated a letter she could attach to her petition to purportedly confirm that she knew even 2 days after her hearing that the sentence she received did not comport with the actual terms to which the parties had agreed off the record. Had she in fact drafted and mailed it on January 16, 2019, it would have been in her file at the Public Defender's Office.

(PCRA Court Opinion at 3-4). The record supports the PCRA court's analysis and we see no reason to disrupt the court's credibility determinations in favor of plea counsel and against Appellant. *See R. Johnson, supra*; *Conway, supra*.

Here, Appellant engaged in thorough oral and written plea colloquies fully communicating her decision to plead *nolo contendere* on January 14, 2019. Appellant acknowledged the nature of the charges against her, her understanding of the maximum penalty and restitution required, and the rights she relinquished by entering a plea. Nothing in Appellant's oral or written colloquies suggests Appellant's plea was anything but knowing, intelligent, and voluntary. *See Fluharty, supra*. Appellant cannot now claim that the oral and written colloquies were "mere formalities" to achieve her desired sentence, nor can she rely on the fabricated January 16, 2019 letter to prove that she anticipated a different result at sentencing. *See Pollard, supra*. Consequently, Appellant's ineffectiveness claims in connection with

her plea of *nolo contendere* merit no relief. ***See Pierce, supra***.

In her fourth issue, Appellant argues plea counsel was ineffective for failing to request that the trial judge recuse himself from taking Appellant's pleas and sentencing her, where the same judge placed the lien on Appellant's land. Appellant contends the lien prevented her from timbering, which led to the instant bad checks and theft by deception charges. Appellant concludes she is entitled to relief. We disagree.

"[A] party seeking recusal or disqualification must raise the objection at the earliest possible moment or that party will suffer the consequence of being time barred." ***Commonwealth v. Pappas***, 845 A.2d 829, 846 (Pa.Super. 2004), *appeal denied*, 580 Pa. 712, 862 A.2d 1254 (2004). Furthermore, "[i]t is the burden of the party requesting recusal to produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially." ***Commonwealth v. Birdsong***, 611 Pa. 203, 222, 24 A.3d 319, 330 (2011). "In considering a recusal request, the jurist must first make a conscientious determination of his or her ability to assess the case in an impartial manner, free of personal bias or interest in the outcome." ***Commonwealth v. Flor***, 606 Pa. 384, 443, 998 A.2d 606, 641-42 (2010), *cert. denied*, 563 U.S. 941, 131 S.Ct. 2102, 179 L.Ed.2d 900 (2011). "The jurist must then consider whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary." ***Id.*** at 443, 998 A.2d

at 642.

Instantly, the PCRA court addressed this issue as follows:

There is...no merit to [Appellant]'s claim that [plea counsel] was ineffective for failing to ask [the judge] to recuse from [Appellant's] cases. In the first instance, [Appellant] testified herself that she did not broach the subject [with plea counsel]. She simply concluded that her attorney should have perceived from the way it had handled her civil cases that the [c]ourt was biased against her. [Plea counsel], though, was not familiar with the civil litigation beyond what she had told him—a fact she knew based on discussions regarding his intention to bring in another attorney if she wished to pursue a trial. Other than her opinion, moreover, she offered no evidence to indicate that the [c]ourt's rulings in those matters were even in error, let alone the result of a personal animus.

(PCRA Court Opinion at 5). We agree with the court's analysis of this issue. Appellant failed to present any evidence to support her claim that the court was prejudiced against her due to its previous involvement in her civil proceedings. *See Birdsong, supra*. Further, Appellant has failed to demonstrate how plea counsel's failure to request the judge's recusal prejudiced her, where the court simply sentenced Appellant according to the terms of the plea agreement she had entered into with the Commonwealth. *See Chambers, supra*. Thus, this claim merits no relief.

In her sixth issue, Appellant argues plea counsel was ineffective for failing to file post-sentence motions or direct appeals on her behalf, where Appellant claims she requested that he do so because the sentence she received did not adhere to the terms of the plea agreement as she understood them. In support of her argument, Appellant relies on the handwritten

January 16, 2019 letter she attached to her PCRA petition. Appellant concludes plea counsel's ineffectiveness entitles her to relief. We disagree.

"Before a court will find ineffectiveness of counsel for failing to file a direct appeal, the defendant must prove that [she] requested an appeal and that counsel disregarded that request." **Commonwealth v. Knighten**, 742 A.2d 679, 682 (Pa.Super. 1999), *appeal denied*, 563 Pa. 659, 759 A.2d 383 (2000) (citing **Commonwealth v. Lantzy**, 558 Pa. 214, 736 A.2d 564 (1999) (holding counsel will be deemed ineffective if counsel is unjustified in failing to file requested direct appeal)). "Mere allegations will not suffice; the burden is on Appellant to plead and prove that [her] request for an appeal was ignored or rejected by [plea] counsel." **Commonwealth v. Harmon**, 738 A.2d 1023, 1024 (Pa.Super. 1999), *appeal denied*, 562 Pa. 666, 753 A.2d 815 (2000). "In addition, if a post-conviction court's credibility determination is supported by the record, it is binding on the appellate court." **Knighten, supra** at 682.

Instantly, in addressing this issue, the PCRA court reasoned:

> [Appellant]…used that letter to set up the claim that she was denied her right to file a direct appeal. Clearly an intelligent woman, she doubtlessly realized that [plea counsel] would have been obligated to file an appeal on her behalf if she requested it in a timely fashion. Because the [c]ourt does not believe that she wrote the letter before developing her PCRA claims, though, that document has no evidentiary value.

> A defendant's request is not the only thing that should make an attorney consider the efficacy of a direct appeal, of course. Defense counsel is also bound to consult with his client regarding the advantages and disadvantages of taking an appeal if the circumstances would lead him to believe she

- 18 -

would want to appeal. Here, though, [plea counsel] had no reason to wonder whether [Appellant] might want to appeal her sentence. Not only had she received precisely the sentence to which she had agreed when she went before the [c]ourt, but the subsequent correction order left [her] with an even better sentence tha[n] she was anticipating. With no request from [Appellant] and no independent reason to believe [Appellant] might want to take an appeal, therefore, [plea counsel] was not ineffective for failing to file one.

(PCRA Court Opinion at 4-5) (internal citation omitted).

Here, Appellant relied on the January 16, 2019 letter to argue that she had asked plea counsel to file post-sentence motions and/or a direct appeal, which counsel ignored. During the PCRA hearing, however, plea counsel testified that he did not receive any such letter, and he would have placed a letter in Appellant's file if he had received one. The PCRA court found the testimony of plea counsel credible and the testimony from Appellant incredible. The record supports the PCRA court's analysis, and we see no reason to disrupt the court's credibility determinations. *See R. Johnson, supra*; *Knighten, supra*. *See also Conway, supra*. Therefore, Appellant's ineffectiveness claim merits no relief. *See Pierce, supra*.

In her seventh and final issue, Appellant argues plea counsel was ineffective for failing to object to the trial court's improper participation in the plea-bargaining process. Appellant contends the trial court engaged in the plea-bargaining process when plea counsel approached the court prior to the plea/sentencing hearing and the court informed plea counsel that it would accept a time-served to ten-year aggregate sentence, rather than the 18-

month to ten-year sentence the Commonwealth had initially offered. Appellant concludes plea counsel's ineffectiveness entitles her to relief. We disagree.

"[A] plea entered on the basis of a sentencing agreement in which the judge participates cannot be considered voluntary." **Commonwealth v. M. Johnson**, 875 A.2d 328, 331 (Pa.Super. 2005), *appeal denied*, 586 Pa. 748, 892 A.2d 822 (2005).

> A trial judge is forbidden from participating in any respect in the plea bargaining process prior to the offering of a guilty plea. When a judge becomes a participant in plea bargaining he brings to bear the full force and majesty of his office…. The unquestioned pressure placed on the defendant because of the judge's unique role inevitably taints the plea.

**Id.** at 331-32 (quoting **Commonwealth v. Evans**, 434 Pa. 52, 55, 252 A.2d 689, 691 (1969)).

Instantly, the court explained:

> Also lacking was evidence that the [c]ourt impermissibly inserted itself into plea negotiations, which means that [plea counsel] had no objection to make in that regard.
>
> What [plea] counsel told his client on January 14, 2019, was that the [c]ourt was willing to give her a time served minimum while adhering to the Commonwealth's proposed maximum if she entered open pleas. Making more of it than was warranted, she construed that information to mean that the [c]ourt was actively constructing the terms of an agreement it deemed to be suitable. As the record reflects, though, what happened was that the Commonwealth ultimately came back with an offer of time served [to] 10 years in exchange for her pleading to eight separate counts, … an offer she and the [c]ourt both accepted.

> Beyond that, counsel's failure to [object to the court's] alleged interference with plea negotiations did not prejudice [Appellant]. The Commonwealth's original offer was for a 10-year maximum, and it never retreated from that number. There is thus nothing to suggest that the [c]ourt's involvement, however extensive she has construed it to have been, resulted in a sentence greater than she would have gotten otherwise.

(PCRA Court Opinion at 5). The record supports the court's analysis. The court's statement that it would accept a lesser minimum sentence does not constitute impermissible "participation" in the plea-bargaining process in this case. **See M. Johnson, supra**. Additionally, Appellant did not demonstrate prejudice. **See Chambers, supra**. Following our independent review of the record, we agree with counsel that Appellant's appeal is frivolous. **See Turner, supra**. Accordingly, we affirm the court's orders denying PCRA relief and grant counsel's petition to withdraw.

Orders affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/19/2021