392 A.2d 860

**COMMONWEALTH of Pennsylvania**

v.

**Bruce Lee MARTIN, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided Oct. 20, 1978.

414

Robert J. Edelmayer, Norristown, for appellant.

William T. Nicholas, District Attorney, Norristown, for Com., appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

Appellant entered a guilty plea on April 27, 1976, to retail theft,[1] theft of movable property,[2] and conspiracy.[3] Following imposition of sentence no direct appeal was taken. Subsequently, appellant filed a petition under the Post Conviction Hearing Act, The Act of January 25, 1966, P.L. (1965) 1580 et seq. (19 P.S. § 1180 et seq.) (Supp.1978–79). Included in the petition was a request for permission to withdraw the plea. Appellant asserts on this appeal from the lower court's denial of his petition that guilty plea counsel was ineffective for failing to take a direct appeal and that the plea colloquy was inadequate. For the reasons set forth herein, we affirm.

1. 18 Pa.C.S. § 3929.

2. 18 Pa.C.S. § 3921(a).

3. 18 Pa.C.S. § 903.

We first turn to the waiver issue. We may not decide the adequacy of the guilty plea colloquy if the issue has been waived by failure to bring a direct appeal. *Commonwealth v. Porter*, 256 Pa.Super. 163, 389 A.2d 651 (1978). Appellant has waived the issue of the colloquy's adequacy unless it is deemed attributable to ineffectiveness of counsel, which constitutes an "extraordinary circumstance" and precludes waiver. *Commonwealth v. Holmes*, 468 Pa. 409, 364 A.2d 259 (1976); Post Conviction Hearing Act, *supra*, 19 P.S. § 1180–4(b)(2). To determine whether counsel was ineffective we must determine whether the issue which he failed to raise on direct appeal had merit. In the instant case, a review of the record demonstrates that the issue raised by appellant on this appeal, the alleged inadequacy of the colloquy, lacks merit and therefore there was no ineffectiveness of counsel; the lower court's order is therefore affirmed.

Although we have determined that none of appellant's arguments regarding the adequacy of the colloquy are meritorious, we find one of the five worthy of some comment.[4] Appellant argues that the colloquy was inadequate because he was not advised on the record of the possible range of sentences for the crimes to which he was pleading guilty.

In the instant case, appellant's sentence resulted from a plea bargain which the assistant district attorney reviewed at the opening of the hearing and which the trial judge reiterated before imposing sentence. Certainly, the questioning or advising of an accused as to the permissible scope of sentences is an important element of a guilty plea colloquy, *see Commonwealth v. Dilbeck*, 466 Pa. 543, 353 A.2d 824 (1976); *Commonwealth v. McNeill*, 453 Pa. 102, 305

---

**4.** Appellant attacks the colloquy on the following additional grounds which we find unmeritorious: (1) appellant was not apprised of the elements of the crimes; (2) the colloquy failed to establish appellant's voluntary waiver of his fifth amendment right against self incrimination; (3) the colloquy failed to establish sufficient facts regarding appellant's mental competency, education and ability to understand on which to ground a determination of voluntariness; (4) there was no determination made of record regarding the voluntariness of the plea.

416

A.2d 51 (1973). However, the omission of such advise from a colloquy *where the plea has been negotiated,* as occurred in the instant case, will not automatically invalidate the plea. Where a plea bargain has been entered into by an accused represented by counsel, the surrounding circumstances of the plea may sufficiently indicate that the appellant pleaded knowingly and voluntarily even though he was not apprised on the record of the possible range of sentence. An analysis of the nature of a plea bargain can lead to no other conclusion.

By pleading guilty in return for a plea concession, an accused, as every defense attorney realizes, can eliminate the possibility of a greater sentence following conviction at trial. *See Brady v. U. S.,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Thus, just as a prosecutor uses a negotiated plea to reduce the unpredictability of trial, so an accused uses a negotiated plea to diminish the uncertainty of sentencing. An accused enters into a plea bargain so that he may gain some control over the sentencing process. We may assume, therefore, that if an accused enters a plea agreement and is represented by counsel, then he is aware of the possible range of sentences. Unless there is some indication on the record that the accused does not understand the nature and effect of the agreement, a negotiated plea is not invalidated merely because the colloquy does not reveal that the accused was informed of the maximum sentence.

In this case, it is clear that the appellant entered his plea completely aware of the terms of the agreement. The terms of the agreement were stated on the record during the course of the colloquy and followed by the judge in imposing sentence. The appellant was advised of his right to a trial by jury, of his right to appeal, of the elements of the crimes charged against him, and of his right against self-incrimination. Moreover, the appellant was questioned as to his understanding of the proceedings and as to the voluntariness of his plea. The appellant was also entitled by Pa.R.Crim.P. 319(b)(3) to withdraw his plea of guilty if the judge did not accept the terms of the agreement. Considering the exist-

ence of a recorded plea agreement and the content of the plea colloquy, we affirm the judgment of sentence.

Order affirmed.

SPAETH, J., files a dissenting opinion in which JACOBS, President Judge, joins.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, dissenting:

Appellant argues that his guilty plea colloquy was inadequate because he was not advised of the range of possible sentences. I find this argument meritorious.

In *Commonwealth v. Kulp,* 476 Pa. 358, 382 A.2d 1209 (1978), the Supreme Court allowed withdrawal of a guilty plea where the judge had merely asked the defendant, "Do you understand what the sentences could be?" and the defendant had answered, "Yes." The Court said:

This information [the range of possible sentences] is obviously an integral part of the knowledge that should be possessed by one who is called upon to make the difficult decision whether to surrender his right to trial and to place himself at the mercy of the sentencing court. No civilized society could tolerate the waiver of such basic rights from one who was unaware of or misinformed as to such a critical fact. 476 Pa. at 361, 382 A.2d at 1211.

Here there was no colloquy at all about the range of possible maximum sentences. The only factor in this case that might avoid the rule of *Commonwealth v. Kulp, supra,* is that appellant's sentence came pursuant to a plea bargain outlined by the assistant district attorney at the start of the hearing and followed by the trial judge in imposing sentence. It is arguable, and so the majority holds, that this made it unnecessary for appellant to have been informed of the range of possible sentences, because if the judge had not agreed to the terms of the plea bargain, appellant could have withdrawn the plea. *Commonwealth v. Fazenbacker,*

418

248 Pa.Super. 433, 375 A.2d 175 (1977). I cannot accept this argument. Even when there is a plea bargain the range of sentences must be stated in the colloquy so that the person who is pleading may accurately evaluate the "bargain" in return for which he has agreed to waive trial. A defendant who is unaware of or misinformed about the range of sentences might well plead guilty under an erroneous evaluation of the worth, to him, of such a step.*

JACOBS, President Judge, joins in this opinion.

* The majority opinion states that appellant entered his plea completely aware of the terms of the agreement. To the extent that this statement implies that appellant was sufficiently informed to evaluate the plea bargain, it is unsupported by the record.