J-S36022-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WAYNE ALAN CURFMAN | : | |
| | : | |
| Appellant | : | No. 56 WDA 2020 |

Appeal from the Judgment of Sentence Entered August 26, 2019
In the Court of Common Pleas of Blair County
Criminal Division at No(s):  CP-07-CR-0001931-2018

BEFORE:   OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                    FILED SEPTEMBER 30, 2020

Appellant, Wayne Alan Curfman, appeals from the judgment of sentence entered in the Blair County Court of Common Pleas, following his negotiated guilty plea to possession of a controlled substance with intent to deliver ("PWID") and carrying a firearm without a license.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On December 21, 2018, the Commonwealth filed a criminal information charging Appellant with PWID, carrying a firearm without a license, possession of a controlled substance, and possession of a small amount of marijuana.  On

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 6106(a)(1), respectively.

August 9, 2019, the trial court conducted a status conference. At that time, Appellant had three cases awaiting trial.[2] During the status conference, the Commonwealth offered Appellant a plea deal, which the court memorialized as follows:

> [A]s to CR 1931-2018, the Commonwealth has made an offer of 2.5 to 5 years. The Commonwealth has made an offer as to both cases (CR 1931-2018 and CR 682-2017) for 3.5 to 15 years. These two cases are scheduled for Trial List Review ... where [Appellant] will either take a plea, schedule a plea or forward to jury selection. The global offer will expire if not taken by Trial List Review ... and it will no longer be available.

(Order, dated 8/9/19, at 1).

Appellant appeared for the court's trial list review on August 26, 2019, and the district attorney asked for a colloquy to ensure Appellant understood the terms of the Commonwealth's plea deal. (See N.T. Hearing, 8/26/19, at 3). The court allowed the district attorney to proceed, and the district attorney restated the terms of the deal originally presented at the status conference. (Id. at 3-4). The court then asked Appellant's counsel whether she was aware of the Commonwealth's offer. Counsel confirmed her understanding of the deal and indicated that Appellant might be willing to accept the offer. (Id. at 4). Thereafter, the court called another case and the parties continued negotiations.

_____

[2] In addition to the instant case, docketed in the trial court at 1931-2018, Appellant faced unrelated charges at docket numbers 682-2017 and 719-2019.

When the court recalled Appellant's case, the district attorney announced that the parties had agreed to the following terms at 1931-2018: "[A] two to four year sentence on carrying a firearm without a license[,] a felony of the third degree[,] and a three month to one year sentence on the [PWID]."[3] (Id. at 5). The remaining charges were dismissed. Further, the parties agreed to the imposition of consecutive sentences, creating an aggregate term of twenty-seven (27) to sixty (60) months' imprisonment. (Id. at 5-6). After conducting an oral colloquy of Appellant, the court accepted Appellant's plea and imposed the negotiated sentence.[4] (Id. at 6-8). Appellant did not complete a written colloquy as part of the plea process. (See Commonwealth's Brief at 12).

On September 5, 2019, Appellant timely filed a post-sentence motion to withdraw the guilty plea. Specifically, Appellant claimed "he made the decision to enter his plea impulsively, and without time to fully comprehend and evaluate the gravity of his decision." (Motion, filed 9/5/19, at ¶4).

_____

[3] The Commonwealth charged Appellant with PWID as an ungraded felony and carrying a firearm without a license as a third-degree felony. For each offense, Appellant faced a maximum sentence of seven (7) years' imprisonment. See 18 Pa.C.S.A. § 1103(3) (stating person convicted of third-degree felony may be sentenced to imprisonment for no more than seven years); 18 Pa.C.S.A. § 106(b)(5) (explaining, "A crime declared to be a felony, without specification of degree, is of the third degree").

[4] As part of the deal, Appellant also entered a negotiated guilty plea to one count of possession of a controlled substance at docket number 719-2019. (See N.T. Hearing, 8/26/19, at 5). The court imposed no further penalty for this offense. (Id. at 6, 8).

Appellant further argued he "was under immediate pressure to either accept the Commonwealth's most recent offer or select a jury and proceed to trial," and his plea was involuntary under the circumstances. (Id.) The court conducted a hearing on the post-sentence motion on December 5, 2019. By order entered December 13, 2019, the court denied relief.

Appellant timely filed a notice of appeal on December 31, 2019. On January 3, 2020, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Following the grant of an extension, Appellant timely filed his Rule 1925(b) statement on February 4, 2020.

Appellant now raises two issues for our review:

> Whether [Appellant] should have been permitted to withdraw his guilty plea for failure to make a knowing, voluntary and intelligent plea, due to circumstances of the plea, namely, time pressure?
>
> Whether the court's failure to inform [Appellant] of the permissible range of sentences for each offense and the total possible aggregate sentence for all offenses rendered [Appellant's] plea not knowing, voluntary, and/or intelligent?

(Appellant's Brief at vi).

Appellant's arguments are related, and we address them together. Appellant claims he did not understand the terms of the Commonwealth's plea deal. Specifically, Appellant "thought the Commonwealth was agreeing to reduce a felony drug charge to a misdemeanor in exchange for his guilty plea." (Id. at 1). Appellant argues the court would have been aware of his

- 4 -

misunderstanding if it had conducted a proper colloquy. Appellant complains the court failed to inform him about the maximum possible penalties for each count, and the court's error caused him to enter an unknowing, unintelligent, and involuntary plea.

Appellant also contends he "was required to make a hasty decision about whether he would accept the Commonwealth's offer." (Id. at 2). Appellant acknowledges that, during the oral colloquy, he said that he received sufficient time to consult with counsel about the plea deal. Nevertheless, Appellant now avers that he was "compelled to make a snap decision about whether or not to accept the plea offer," even though he was "confused about numerous aspects of the plea agreement." (Id.) Under these circumstances, Appellant concludes the court should have granted his motion to withdraw the guilty plea. We disagree.

As a general rule, "[t]he entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence." Commonwealth v. Main, 6 A.3d 1026, 1028 (Pa.Super. 2010) (quoting Commonwealth v. Tareila, 895 A.2d 1266, 1267 (Pa.Super. 2006)). "[A] defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified." Commonwealth v. Pantalion, 957 A.2d 1267, 1271 (Pa.Super. 2008). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." Id.

(quoting Commonwealth v. Muhammad, 794 A.2d 378, 383 (Pa.Super. 2002)).

Our Rules of Criminal Procedure mandate that pleas are taken in open court and the court must conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Commonwealth v. Hodges, 789 A.2d 764 (Pa.Super. 2002). Specifically, the court must affirmatively demonstrate a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the judge is not bound by the terms of the agreement unless he accepts the agreement. Commonwealth v. Watson, 835 A.2d 786 (Pa.Super. 2003).

Regarding a defendant's understanding of the permissible sentencing ranges:

> Certainly, the questioning or advising of an accused as to the permissible scope of sentences is an important element of a guilty plea colloquy …. However, the omission of such advi[c]e from a colloquy[, w]here the plea has been negotiated, as occurred in the instant case, will not automatically invalidate the plea. Where a plea bargain has been entered into by an accused represented by counsel, the surrounding circumstances of the plea may sufficiently indicate that the appellant pleaded knowingly and voluntarily even though he was not apprised on the record of the possible range of sentence.

Commonwealth v. Martin, 392 A.2d 860, 862 (Pa.Super. 1978). See also Commonwealth v Barbosa, 819 A.2d 81, 82 (Pa.Super. 2003) (holding

manifest injustice is established only when lack of information as to maximum possible sentence is material to defendant's decision to accept negotiated plea).

Further, this Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Muhammad, supra. A guilty plea will be deemed valid if an examination of the totality of the circumstances surrounding the plea shows that the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. Commonwealth v. Rush, 909 A.2d 805 (Pa.Super. 2006). "The entry of a negotiated plea is a 'strong indicator' of the voluntariness of the plea." Commonwealth v. Reid, 117 A.3d 777, 783 (Pa.Super. 2015) (quoting Commonwealth v. Myers, 642 A.2d 1103, 1106 (Pa.Super. 1994)).

Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing and bears the burden of proving otherwise. Commonwealth v. Pollard, 832 A.2d 517 (Pa.Super. 2003). A defendant who decides to plead guilty is bound by the statements he makes while under oath, "and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." Id. at 523. "Our law does not require that a defendant be totally pleased with the outcome of his decision to plead guilty, only that his decision be voluntary, knowing and

intelligent." Id. at 524.

Instantly, the court called Appellant's case for trial, and the Commonwealth announced that the parties had reached an agreement on a negotiated guilty plea. The Commonwealth provided the terms of the plea deal, which Appellant's counsel confirmed. (See N.T. Hearing, 8/26/19, at 5-6). The court then asked Appellant whether he wished to plead guilty in conformance with the agreement, and Appellant responded affirmatively. (Id.)

Appellant indicated that he was not taking any drugs or medication that prevented him from thinking clearly, he had sufficient time to discuss the plea with counsel, and counsel had explained the nature of the charges and the maximum fines and penalties. (Id. at 6-7). The court subsequently explained the right to a jury trial and presumption of innocence, which Appellant indicated that he understood. (Id. at 7). Finally, the parties stipulated that the facts contained in the affidavit of probable cause provided the factual basis for the plea. (Id. at 8).

To the extent Appellant now claims that he made a "snap decision" to accept a deal he did not understand, the record belies Appellant's claims. The Commonwealth presented its offer to Appellant at the August 9, 2019 status conference and the August 26, 2019 trial list review. On both occasions, the Commonwealth did not mention the possibility of reducing the felony drug charge to a misdemeanor. Immediately before Appellant entered his plea, the

district attorney, Appellant's counsel, and the court reiterated that the offer amounted to an aggregate sentence of twenty-seven (27) to sixty (60) months' imprisonment for the charges at issue. (Id. at 5-6). Appellant heard the offer outlined by the district attorney, and Appellant stated that it was consistent with his understanding of the agreement. (Id. at 6). Appellant also admitted that he had sufficient time to discuss the plea with counsel. (Id. at 7). Appellant is bound by his statements from the plea hearing. See Pollard, supra.

Although the court did not formally place the permissible range of sentences and fines on the record, the colloquy revealed that counsel previously explained Appellant's sentencing exposure. (See N.T. Hearing, 8/26/19, at 7). Moreover, the circumstances surrounding Appellant's plea sufficiently indicate that the plea was voluntary, even without the range of sentences on the record. See Martin, supra. Under the totality of these circumstances, Appellant failed to demonstrate a manifest injustice to justify the withdrawal of his plea. See Pantalion, supra; Rush, supra. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/30/2020</u>