**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GIANTE LEE THOMAS, JR. | : | |
| | : | |
| Appellant | : | No. 283 WDA 2023 |

Appeal from the Judgment of Sentence Entered November 8, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001955-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GIANTE LEE THOMAS, JR. | : | |
| | : | |
| Appellant | : | No. 284 WDA 2023 |

Appeal from the Judgment of Sentence Entered November 8, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001956-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GIANTE LEE THOMAS, JR. | : | |
| | : | |
| Appellant | : | No. 285 WDA 2023 |

Appeal from the Judgment of Sentence Entered November 8, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0002654-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
|---|---|---|
| v. | : | |
|  | : | |
|  | : | |
| GIANTE LEE THOMAS, JR. | : | |
|  | : | |
| Appellant | : | No. 286 WDA 2023 |

Appeal from the Judgment of Sentence Entered November 8, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001965-2021

BEFORE: BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: **FILED: April 19, 2024**

Giante Lee Thomas, Jr. (Appellant), appeals from the judgment of sentence imposed after he pled guilty to three counts of recklessly endangering another person; two counts of firearms not to be carried without a license; and one count each of robbery, robbery of a motor vehicle, endangering the welfare of children, aggravated assault, assault of a law enforcement officer, unauthorized use of a motor vehicle, strangulation, and possession with intent to deliver a controlled substance.[1] Appellant challenges the trial court's denial of his post-sentence motion (PSM) to withdraw his negotiated guilty pleas. We affirm.

The facts underlying Appellant's convictions are not relevant to this appeal. In 2021, the Commonwealth charged Appellant with the foregoing crimes, at four trial court docket numbers, as well as numerous other offenses

---

[1] 18 Pa.C.S.A. §§ 2705, 6106(a)(1), 3701(a)(1)(ii), 3702(a), 4304(a)(1), 2702(a)(4), 2702.1(a), 2718(a)(1); 35 P.S. § 780-113(a)(30).

(23 charges in total). As we discuss further below, Appellant and the Commonwealth negotiated a guilty plea agreement, whereby the Commonwealth withdrew 10 of the 23 charges in exchange for Appellant's pleas. *See* N.T., 2/23/22, at 3-4 (prosecutor detailing terms of plea agreement). The trial court conducted two hearings with respect to Appellant's guilty pleas, on February 23, 2022, and March 3, 2022 (collectively, plea hearings). Appellant completed written and oral guilty plea colloquies. The trial court accepted Appellant's guilty pleas as knowingly, intelligently, and voluntarily tendered. *See* N.T., 3/3/22, at 10. The trial court also stated that it "find[s] there is a legal and factual basis to accept [Appellant's] guilty plea…." *Id.*

Prior to sentencing, Appellant moved to withdraw his guilty pleas. Appellant asserted a "claim of innocence" and that the Commonwealth would not be prejudiced if the trial court permitted Appellant to withdraw his pleas. Motion to Withdraw, 6/9/22, ¶¶ 9, 11. On July 21, 2022, the trial court held a hearing on the matter (plea withdrawal hearing).[2] The trial court denied Appellant's motion to withdraw the pleas on August 5, 2022. *See* Order, 8/5/22, at 1 ("After careful consideration of the evidence and argument

_____

[2] The certified record did not contain Appellant's June 9, 2022, motion or the transcript of the plea withdrawal hearing. However, upon inquiry by this Court, the trial court included these documents (as well as Appellant's written guilty plea colloquy dated February 23, 2022) in a supplemental record filed in this Court on February 21, 2024.

presented at the motion [to withdraw] hearing, the court finds that [Appellant] failed to establish a 'fair and just' reason to allow the pre-sentence withdrawal of his plea."); *see also Commonwealth v. Jamison*, 284 A.3d 501, 505 (Pa. Super. 2022) (stating where a defendant seeks to withdraw a plea prior to sentencing based on a claim of innocence, the claim must be at least "plausible," as opposed to a "bare assertion," to establish "a fair and just reason for allowing presentence withdrawal of a guilty plea.").

On November 8, 2022, the trial court sentenced Appellant to an aggregate 3½ to 7 years in prison, followed by 10 years of probation. Appellant timely filed the PSM to withdraw his guilty pleas on November 17, 2022. Appellant subsequently filed an amended PSM, with leave of court, on December 19, 2022. Appellant claimed the trial court erred in accepting his guilty pleas, and in subsequently refusing his request to withdraw the pleas, where the court did not (1) "elicit information to support that there is a factual basis for the plea"; or (2) "elicit information to support that [Appellant] understood the permissible range of sentences and/or fines for all the offenses charged, but, rather, only for the offenses to which he pled guilty." Amended PSM, 12/19/22, ¶¶ 11, 12 (emphasis and internal quotation marks omitted).

The trial court held a PSM hearing on February 2, 2023 (PSM hearing). The trial court denied the PSM on February 15, 2023. This timely appeal followed.[3] Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents two issues for review:

1. Did the trial court err in denying [Appellant's] post-sentence motion to withdraw his guilty plea where it failed to elicit information that he knew the permissible sentencing range of *all* offenses charged, not just those to which he pled guilty?

2. Did the trial court err in denying [Appellant's] post-sentence motion to withdraw his guilty plea where it failed to elicit sufficient information to support that there was a sufficient factual basis for the plea?

Appellant's Brief at 7 (italics in original).[4]

Appellant first claims that the trial court erred in denying his PSM to withdraw his guilty pleas, where it failed to colloquy him as to all of the 23

_____

[3] Appellant's notices of appeal at the four trial court docket numbers improperly stated that the appeals lie from the February 15, 2023, order denying Appellant's PSM. *See Commonwealth v. W.H.M.*, 932 A.2d 155, 158 n.1 (Pa. Super. 2007) ("An appeal from an order denying a post-trial motion is procedurally improper because a direct appeal in a criminal proceeding lies from the judgment of sentence."). We have corrected the caption accordingly. This Court *sua sponte* consolidated the appeals on March 22, 2023.

[4] Appellant raised a third issue in his Rule 1925(b) concise statement challenging the trial court's denial of his pre-sentence motion to withdraw the guilty pleas. Concise Statement, 4/3/23, ¶ 1. However, Appellant abandoned this issue on appeal. *See Commonwealth v. McGill*, 832 A.2d 1014, 1018 n.6 (Pa. 2003) (finding waiver where appellant abandoned claim on appeal); *see also generally* Trial Court Order, 8/5/22 (addressing denial of Appellant's pre-sentence motion); Trial Court Opinion, 5/11/23, at 3-4 (referencing trial court's August 5, 2022, order).

charges against him, including the charges withdrawn by the Commonwealth pursuant to the plea agreement. *See id.* at 20-28. According to Appellant, "there is no evidence whatsoever demonstrating that [he] had any awareness of his maximum sentencing exposure." *Id.* at 22. Appellant claims the trial court's guilty plea

> colloquy was emphatically not "a protracted and comprehensive proceeding wherein the court is obliged to make a specific determination after extensive colloquy on the record that a plea is voluntarily and understandingly tendered."

*Id.* at 28 (quoting *Commonwealth v. Yeomans*, 24 A.3d 1044, 1046 (Pa. Super. 2011) (citation omitted)).

The Commonwealth counters that the trial court did not err in denying Appellant's PSM, where Appellant (1) knowingly, intelligently, and voluntarily tendered the pleas under the totality of the circumstances; and (2) failed to meet his burden of establishing that withdrawal of his pleas was justified. *See* Commonwealth Brief at 4-11. According to the Commonwealth, the trial court's oral guilty plea

> colloquy was thorough. In addition to reciting the grading and maximum penalty of each charged offense, the colloquy also included, *inter alia*, affirmations from [A]ppellant that he understood the terms of the agreement as recited by the Commonwealth, that he was stipulating to the factual averments set forth in the affidavits of probable cause, that he could read, write, and understand English and was not otherwise cognitively impaired that day, that he had spoken to his attorneys about the elements of each offense and his maximum sentencing exposure, and that he was pleading guilty because he was guilty.

*Id.* at 9. Further, the Commonwealth claims that Appellant's "actual sentence was so much lower than his potential aggregate maximum sentence that the fact that the lower court did not recite the maximum penalties of the withdrawn charges is immaterial." *Id.* at 10; *see also id.* (emphasizing that Appellant's "total sentencing exposure, even **after** all of the other charges had been withdrawn, was 109 years" (emphasis in original)). According to the Commonwealth, "[A]ppellant seems to be under the impression that he can point to a technical defect in a plea colloquy and automatically be entitled to withdraw his plea"; however, the "law presumes that a defendant who entered a guilty plea knew what he was doing, and the defendant bears the burden of **proving** otherwise." *Id.* at 10 (emphasis in original).

In reviewing a challenge to a trial court's denial of a post-sentence motion to withdraw a guilty plea, we apply an abuse of discretion standard. *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa. Super. 2017). "When a trial court comes to a conclusion through the exercise of its discretion, there is a heavy burden on the appellant to show that this discretion has been abused." *Commonwealth v. Norton*, 201 A.3d 112, 120 (Pa. 2019) (citation and brackets omitted). "An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the [trial] court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Id.* (citation omitted).

- 7 -

When a defendant seeks to withdraw a guilty plea after sentencing, he "must demonstrate prejudice on the order of manifest injustice…." **Yeomans**, 24 A.3d at 1046 (citation omitted); **see also Commonwealth v. Broaden**, 980 A.2d 124, 129 (Pa. Super. 2009) (stating post-sentence motions for withdrawal of a guilty plea, unlike pre-sentence motions for withdrawal, "are subject to high[] scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices." (citation omitted)). "A showing of manifest injustice may be established if the plea was entered into involuntarily, unknowingly, or unintelligently." **Yeomans**, 24 A.3d at 1046; **see also Jamison**, 284 A.3d at 506 ("A guilty plea may be withdrawn, regardless of when the plea was entered or the motion to withdraw was filed, if the defendant shows that the plea was not voluntary and knowing.").

To ensure that a plea is voluntary, knowing, and intelligent,

Rule 590 of the Pennsylvania Rules of Criminal Procedure requires that a trial court conduct a separate inquiry of the defendant before accepting a guilty plea. … As the Comment to Rule 590 provides, at a minimum, the trial court should ask questions to elicit the following information:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has a right to a trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) **Is the defendant aware of the permissible range of sentencing and/or fines for the offenses charged?**

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590, Comment [(emphasis added).]

*Hart*, 174 A.3d at 667-68 (emphasis and footnote omitted).

The required determination with respect to the aforementioned six inquiries of Rule 590 may "be shown by a written plea colloquy read and signed by the defendant that is made part of the record and supplemented by an oral, on-the-record examination." *Jamison*, 284 A.3d at 506. "A defendant is bound by the statements which he makes during his plea colloquy and cannot assert challenges to his plea that contradict his statements when he entered the plea." *Id.* Further, "[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Reid*, 117 A.3d 777, 783 (Pa. Super. 2015) (citation omitted). The "entry of a negotiated plea is a 'strong indicator' of the voluntariness of the plea." *Id.* (quoting *Commonwealth v. Myers*, 642 A.2d 1103, 1106 (Pa. Super. 1994)).

Relevantly,

in order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. **This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea.** Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the

- 9 -

circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

*Commonwealth v. Eichinger*, 108 A.3d 821, 832 (Pa. 2014) (emphasis added) (quoting *Yeomans*, 24 A.3d at 1047); *see also Commonwealth v. Flanagan*, 854 A.2d 489, 500 (Pa. 2004) (stating although the Supreme Court "has admonished that a complete failure to inquire into any one of the six, mandatory subjects [of the Comment to Rule 590] generally requires reversal, … in determining the availability of a remedy in the event of a deficient colloquy, it has in more recent cases moved to a more general assessment of the knowing, voluntary, and intelligent character of the plea, considered on the totality of the circumstances." (internal citations omitted)). Thus, the proper focus of our inquiry with respect to the validity of a guilty plea is whether it "was knowing and intelligent, not whether certain talismanic questions were asked and answered." *Commonwealth v. Anthony*, 475 A.2d 1303, 1306 (Pa. 1984) (citation omitted).

This Court's decision in *Commonwealth v. Barbosa*, 819 A.2d 81 (Pa. Super. 2003), is on point. There, the defendant entered a negotiated guilty plea, but subsequently claimed on appeal that the trial court erred in failing to "advise[] him of the permissible maximum sentence or range of sentences he could receive if he went to trial." *Id.* at 82; *see also id.* at 83 (defendant claiming he "did not have enough knowledge to make an intelligent choice as to whether to accept the negotiated plea because he did not know the range

of sentences he could receive if he were found guilty at trial."). This Court

held that

> **[t]he failure to advise a defendant of the possible maximum sentence will not necessarily justify the withdrawal of an otherwise voluntary guilty plea.** To amount to manifest injustice justifying withdrawal of the plea, the mistake must be so great as to have a material effect on the defendant's decision to plead guilty.

*Id.* at 86 (emphasis added). We elaborated as follows:

> Our appellate courts have directed the withdrawal of guilty pleas in certain circumstances where the defendant justifiably was unaware of or misled about the "compared to what" of the maximum sentence. In *Commonwealth v. Hodges*, … 789 A.2d 764 (Pa. Super. 2002), a 16-year-old defendant was permitted to withdraw a negotiated plea where he pled guilty to avoid the death penalty but was in fact ineligible for the death penalty because of his age. Similarly, in *Commonwealth v. Lenhoff*, … 796 A.2d 338 (Pa. Super. 2002), the defendant was permitted to withdraw a negotiated plea where, although his sentence was in accord with the plea bargain, he was told that he faced a 10-year maximum when it was actually less.
>
> At the same time, **we do not believe that every mistake in computing the possible maximum or advising the defendant of the possible maximum will amount to manifest injustice justifying the withdrawal of a guilty plea; the mistake must be material to the defendant's decision to plead guilty.** This determination must be fact- and case-specific. Certainly, if a defendant were to plead guilty to avoid a death sentence when there is no possibility of a death sentence, then this mistake would clearly be material. On the other hand, suppose there were a robbery of five people together with conspiracy and weapons charges, and the defendant were told that he faced a maximum sentence of 70 to 140 years rather than 65 to 130 years. If the plea negotiations resulted in a sentence of 5 to 10 years, then this mistake would not be material.

*Barbosa*, 819 A.2d at 83 (emphasis added).

Relatedly, in **Commonwealth v. Martin**, 392 A.2d 860 (Pa. Super. 1978) (*en banc*), we stated as follows:

> Certainly, the questioning or advising of an accused as to the permissible scope of sentences is an important element of a guilty plea colloquy[.] However, the omission of such advi[c]e from a colloquy[, w]here the plea has been negotiated, … will not automatically invalidate the plea. Where a plea bargain has been entered into by an accused represented by counsel, the surrounding circumstances of the plea may sufficiently indicate that the appellant pleaded knowingly and voluntarily even though he was not apprised on the record of the possible range of sentence.

**Id.** at 862 (emphasis and internal citations omitted).

Instantly, at Appellant's plea hearings, the prosecutor detailed the terms of the negotiated plea agreement on the record. N.T., 2/23/22, at 3-4. Appellant's counsel responded in the affirmative to the trial court's question, "Are you waiving and stipulating as to all the affidavits of probable cause?" **Id.** at 3; **see also id.** at 6 (Appellant confirming his "understanding of the plea agreement" and that he "stipulated to the criminal information"). Appellant acknowledged he was a high school graduate and could read and understand the English language. **Id.** at 6; N.T., 3/3/22, at 3. Appellant represented he was not under the influence of any medication, alcohol, or drugs that would render him unable to understand the proceedings. N.T., 2/23/22, at 7; N.T., 3/3/22, at 4. Appellant further confirmed that he did not suffer from any mental or physical infirmity. N.T., 2/23/22, at 7-8; N.T., 3/3/22, at 4. Appellant agreed that no one had coerced or forced him into

- 12 -

pleading guilty, or made any promises that were not contained in the plea agreement. N.T., 2/23/22, at 8; N.T., 3/3/22, at 5.

The trial court explained the permissible range of sentences for each of the charges to which Appellant was pleading guilty.[5] N.T., 2/23/22, at 8-9; N.T., 3/3/22, at 4-7. Appellant represented he had spoken to his counsel about the charges and possible penalties and he "fully and completely understand[s] the maximum penalties that [he was] facing…." N.T., 3/3/22, at 7-8. Appellant conceded that he was pleading guilty to the charges because he was, in fact, guilty. *Id.* at 10.

Finally, Appellant confirmed that he had reviewed and executed, with the assistance of counsel, a "Guilty Plea Explanation of [] Rights" (GPER) form[6] *Id.* at 8; *see also generally* GPER, 2/23/22.[7] **In the GPER form, Appellant answered in the affirmative to the question, "Have you and your attorney discussed the maximum possible sentences which th[e trial c]ourt could impose?"** GPER, 2/23/22, ¶ 44 (emphasis added); *see also id.* ¶¶ 10, 62 (Appellant confirming he "had ample opportunity to consult with [his] attorney before entering [his] plea" and had enough time to "check any

---

[5] It is undisputed that the trial court did not advise Appellant of the possible penalties associated with the numerous withdrawn charges.

[6] Appellant confirmed that he understood all of the questions contained in the GPER form and truthfully answered each one. N.T., 3/3/22, at 8.

[7] The GPER form is contained in the supplemental record filed in this Court on February 21, 2024.

questions of fact or law"). Appellant stated he understood his "plea must be voluntary and [his] rights must be voluntarily, knowingly, and intelligently waived." *Id.* ¶ 52; *see also id.* ¶¶ 52-56.

The trial court determined, in its Rule 1925(a) opinion, that it did not err in denying Appellant's PSM to withdraw his guilty pleas, competently reasoning as follows:

> [Appellant's] statements made under oath at the plea hearings made clear that he had full and total awareness of the charges to which he was pleading, and the caselaw is clear that he is bound by those statements and cannot simply contradict them later on in order to withdraw a plea. *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003).
>
> Moreover, based on statements made by [Appellant] himself, the [trial] court found that his attempt to withdraw his plea prior to sentencing was rooted in his unsupported belief regarding a particular sentence that he thought he would receive. [Appellant's] motivation to withdraw his plea was based on his dissatisfaction with a yet-to-be-imposed sentence and not at all based on any genuine or sincere lack of understanding of his plea. (*See* Motion Hearing, held 7/21/22, pp. 36-37).
>
> After considering all of the above, this court maintains that, **even if it did not strictly abide by Rule 590's recommendation to advise [Appellant] as to the permissible range of sentences for all 23 charges that [Appellant] originally faced, … any such defect was not fatal to this plea because the totality of the circumstances show[s] that [Appellant] knew and understood the facts underlying his charges, as well as the nature and elements of each offense to which he actually pled.** This court even continued, out of an abundance of caution, [Appellant's] first plea hearing to ensure that he had ample time and opportunity to consult with his attorney regarding the details of the plea and its implications.
>
> Respectfully, and in this court's estimation, a mandate to set forth penalties for charges that were **withdrawn** has the

- 14 -

strong potential for creating more confusion in the defendant's mind regarding the charges and his bargained for agreement, particularly in a case like this where [Appellant] initially had nearly two dozen charges against him.

Such a requirement to announce penalties for all charged offenses, while certainly well intentioned, does not fit neatly into the reality of what occurs during a plea hearing. In the overwhelming majority of cases, the defendants are not writing down with pen and paper the penalties as they are recited by the plea court. …

It would seem that the requirement of reciting all penalties for all charged offenses is more of an academic exercise that, for practical purposes, does not meaningfully enhance a defendant's ability to understand and appreciate the terms of his actual agreed-upon plea, the same way that the other five (5) mandated areas of inquiry do. (***See*** Pa.R.Crim.P. 590, Comment).

It is further harder to reconcile why a plea court would be required to engage in a rote discussion of penalties for "all charged offenses" when there is no similar requirement for the inquiry into a defendant's understanding of the nature of "all charged offenses," which presumably, is just as, if not more important than, the question of penalties, lest a defendant unwittingly plead guilty in the first place to a charge for which there was no factual basis. ***See*** Pa.R.Crim.P. 590, Comment. To be sure, Rule 590's Comment advises the inquiry only into the "nature of the charges **to which he or she is pleading guilty**…." ***Id.*** (emphasis added).

The duty to review the full extent of a defendant's sentencing exposure relating to all charged offenses is better placed with his attorney at the time that counsel is advising the defendant as to the pros and cons of a plea agreement so that a full discussion can take place regarding the issue.

Based on the foregoing, **the fact that this court did not inquire into whether [Appellant] understood the permissible range of sentences for all 2[3] original charges is not sufficient to render his plea invalid based on the totality of the circumstances.** Accordingly, this court did not abuse its discretion when it denied [Appellant's PSM.]

Trial Court Opinion, 5/11/23, at 11-14 (emphasis added; some capitalization modified). The trial court concluded "the totality of the circumstances establishes that [Appellant] 'had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.'" ***Id.*** at 8 (quoting ***Eichinger***, 108 A.3d at 832).

The trial court's foregoing reasoning is supported by the record and the law, and we agree with its conclusion. ***See id.*** at 8, 11-14; ***see also Barbosa***, 819 A.2d at 86 (stating that the "failure to advise a defendant of the possible maximum sentence will not necessarily justify the withdrawal of an otherwise voluntary guilty plea."); ***Eichinger***, 108 A.3d at 832 (emphasizing that "even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea."). Appellant failed to show "prejudice on the order of manifest injustice" that would allow for the withdrawal of his guilty pleas. ***Yeomans***, 24 A.3d at 1046. The trial court did not err; Appellant's first issue does not merit relief.

In his second issue, Appellant challenges the denial of his PSM to withdraw his guilty pleas, where the record did not provide a factual basis for the trial court to accept the pleas. ***See*** Appellant's Brief at 28-31; ***see also*** N.T., 3/3/22, at 10. Appellant concedes he stipulated at the guilty plea

hearing as "to the factual allegations in the respective affidavits of probable cause…." *Id.* at 31. Nevertheless, Appellant argues the record does "not evince that the trial court did anything to ensure that [Appellant] wasn't pleading guilty to an offense his conduct didn't constitute." *Id.* at 29.[8] Appellant challenges "the trial court's view that stipulation to an affidavit of probable cause is sufficient to dispense with Rule 590's requirement of a factual basis…." *Id.* at 31.

The Commonwealth counters that "this Court should hold [A]ppellant to his waiver of the factual recitation and his stipulation to the factual basis for the plea." Commonwealth Brief at 12. The Commonwealth emphasizes Appellant

> cites no case law in support of his contention that even a defendant's voluntary stipulation to the facts is somehow not enough for purposes of ensuring that the plea colloquy sufficiently covers the factual basis of the plea.

*Id.* According to the Commonwealth, if Appellant "had wanted to force the Commonwealth to place a factual recitation on the record, then he could have done so. He did not do so…." *Id.*

The trial court rejected Appellant's challenge to the factual basis for his pleas in its Rule 1925(a) opinion, reasoning as follows:

> At the outset of the first plea hearing on February 23, 2022, this court asked defense counsel whether they were "waiving and

---

[8] We reiterate the Commonwealth charged Appellant with **23** offenses, for multiple episodes of criminal conduct. Appellant pled guilty to 10 charges; he fails to specify which of these charges he challenges.

stipulating to all the affidavits of probable cause" and defense counsel said yes. ([N.T., 2/23/22], p. 3). [Appellant's] agreement to accept as true the factual averments contained in the affidavits for each case relieved the Commonwealth of its burden to recite the factual basis on the record. *Commonwealth v. Johnson*, 2021 WL 1753401, at \*4 (Pa. Super. 2021) [(unpublished memorandum)[9]].

The [d]efendant in *Johnson* "attempted to preempt the Commonwealth from placing the factual basis on the record by stipulating that the affidavit of probable cause contained sufficient information to support the pleas." *Id.* at 4. The defendant then attempted to argue that his plea was invalid because there was no factual basis for the plea. In finding that there was a sufficient factual basis, the court explained that:

> ["t]he court will hold a party bound to his stipulation: concessions made in stipulations are judicial admissions, and accordingly may not later in the proceeding be contradicted by the party who made them." *Tyler v. Kind*, 496 A.2d 16, 21 (Pa. Super. 1985) (citing, *inter alia*, *Commonwealth v. Barksdale*, 281 A.2d 703 (Pa. Super. 1971)). **Given his stipulation, the Commonwealth was relieved of its duty to state a full factual basis stated in open court. *Accord Commonwealth v. Mitchell*, 902 A.2d 430, 462 (Pa. 2006)** ("By entering into the stipulation [that the defendant had no significant prior criminal history], the defense was relieved of the burden of calling witnesses to prove that [the defendant] had no criminal history prior to the current conviction.").

*Id.* at \*4 (emphasis added). Accordingly, pursuant to *Johnson*, [Appellant's] stipulation as to the factual accuracy of the affidavits relieved the Commonwealth's burden of placing a factual basis on the record. Therefore, [Appellant's] plea was not rendered invalid on this ground, and the court did not abuse its discretion in finding no merit to this issue in his post-sentence motion.

_____

[9] Pursuant to Pa.R.A.P. 126(b)(1)-(2), unpublished non-precedential memorandum decisions of the Pennsylvania Superior Court filed after May 1, 2019 may be cited for their persuasive value.

Trial Court Opinion, 5/11/23, at 15-16 (footnote added).

Upon review, we agree with the trial court's foregoing analysis and find *Johnson*'s reasoning persuasive and applicable. *See id.*; *see also Tyler*, 496 A.2d at 21 (stating stipulations are judicial admissions that cannot later be contradicted). We are unpersuaded by Appellant's attempt to distinguish *Johnson*. *See* Appellant's Brief at 30-31. Accordingly, Appellant's second issue does not merit relief.

Based on the foregoing, we discern no abuse of the trial court's discretion in denying Appellant's PSM to withdraw his guilty pleas. *See Norton*, 201 A.3d at 120, 121 (stating, "an appellate court should not substitute its judgment for that of a trial court that ruled on a [] motion to withdraw a guilty plea," where the defendant has failed to carry his or her "heavy burden" of establishing an abuse of discretion (citation omitted)).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/19/2024